James Augustus CONNOR, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 785–91, 786–91 and 787–91.

Court of Criminal Appeals of Texas,
En Banc.

June 8, 1994.

Benjamin F. Walker, on appeal only, San Antonio, for appellant.

Sam Oatman, Dist. Atty., Llano, John Peralta, Special Asst. Dist. Atty., and Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

Appellant pled guilty to three fraudulent sales of securities in violation of the Texas Securities Act. The trial court assessed punishment at ten years imprisonment probated for ten years. The Court of Appeals affirmed. *Connor v. State,* 809 S.W.2d 560, 564 (Tex.App.—Austin 1991). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that appellant's motion for new trial was invalid and therefore the denial of counsel "at the hearing" on the motion was not error.[1]

---

1. We also granted appellant's petition to determine whether the restitution ordered as a condition of probation was excessive. However, in light of our holding we decline to address this issue. We remand this case to the Court of Appeals to determine whether appellant waived counsel on his motion for new trial. In the event the Court of Appeals concludes that appellant did not waive counsel and remands the case to the

trial court to allow appellant time to refile his motion for new trial with the benefit of counsel, *Trevino v. State,* 565 S.W.2d 938, 941 (Tex.Crim. App.1978) (where appellant denied counsel at hearing on motion for new trial, appeal set aside appeal and case remanded to trial court to hold hearing), the possibility exists that the motion would be granted, rendering moot any decision of this Court pertaining to restitution. There-

Appellant was represented by retained counsel at trial. After the sentence was imposed appellant wrote two *pro se* letters to the trial court. In his first letter appellant indicated that he felt his plea had been involuntary and his legal representation inadequate. In his second letter, entitled "a petition for reopening and rehearing", appellant again alleged that his plea had been involuntary and that his counsel had been ineffective. The letters were not verified or supported by affidavits.

The trial court subsequently held a hearing on "what [he] took ... to be a Motion for New Trial." Appellant was not represented by counsel at this hearing, but claimed that he "had not had time to hire an attorney." The trial court concluded that appellant had been afforded "plenty of time to hire an attorney" and that he "had delayed" in doing so. The trial court proceeded with the hearing and denied appellant's motion for new trial.

The Court of Appeals acknowledged that a motion for new trial is a "critical stage" at which a defendant is entitled to be represented by counsel. *Id.* at 563. Nevertheless, the Court of Appeals held that since appellant's motion was not verified or supported by affidavits it was insufficient as a pleading and therefore there was no motion before the court; consequently, "the absence of counsel to represent appellant at the hearing [did] not constitute error." *Id.* at 564.

Appellant claims the Court of Appeals' holding that the motion failed because of technical defects underscores his need for representation of counsel on the motion. Appellant argues that his motion's deficiencies were inherently related to the fact that he was not represented by counsel. The State agrees with the Court of Appeals' conclusion that appellant's unsworn motion was insufficient as a pleading and thus appellant's "substantial rights were [not] affected by the absence of counsel."

▪ The Court of Appeals correctly recognized that a motion for new trial is a "critical stage" at which a defendant is entitled to representation by counsel. *Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Crim.App. 1978). In this regard, we have stated:

> Without a doubt the hearing on a motion for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review.

*Id.* Moreover, "[t]he fact that absent counsel was retained rather than appointed does not authorize the court to proceed in his absence." *Id.*

▪ However, we cannot agree with the Court of Appeals that since there was essentially no motion before the court, it was not error to hold the hearing on the motion in the absence of counsel representing appellant. This holding erroneously overlooks that appellant's claim was not only that he was entitled to counsel at the hearing; appellant also argued that he was entitled to the benefit of counsel *prior to* the hearing on the motion in order to properly prepare the written pleadings on the motion.[2] Whether the trial court had jurisdiction to hear the motion

---

fore, in order to avoid issuing an advisory opinion, we dismiss without prejudice appellant's grounds pertaining to restitution. *See Armstrong v. State,* 805 S.W.2d 791, 794 (Tex.Crim.App. 1991) (Court of Criminal Appeals without authority to issue advisory opinions).

2. Although appellant's points of error in the Court of Appeals and his grounds for review in this Court are couched in terms of his right to counsel "at the hearing" on his motion, in reading his argument it is clear that appellant contends he was entitled to counsel prior to the hearing in preparing the written motion in order to avoid the technical deficiencies pointed out by the State and the Court of Appeals. Before the Court of Appeals appellant responded to the State's contention that his motion suffered fatally from technical deficiencies:

> The State asserts technical defects in the form of the Appellant's *pro se* handwritten motions. That argument itself implicitly acknowledges that the Motion for New Trial is a critical stage of the proceedings where substantial rights of the Appellant may be affected. [citation omitted] The State's argument thereby underscores the fact that there was a 'potential substantial prejudice to Defendant's rights' and that Appellant was entitled to 'the ability of counsel to help avoid that prejudice.' [citation omitted] It thus becomes clear that the Appellant was denied counsel at a critical stage of the post-trial review process.

that was ultimately filed is immaterial to the issue of whether appellant was entitled to counsel to assist in preparing the motion (and hopefully to help avoid jurisdictional problems).[3]

Although appellant urges this Court to decide the question of whether he was entitled to the assistance of counsel in preparing and filing his motion for new trial, we are not at liberty to do so given that the Court of Appeals has not decided the issue. *Lee v. State,* 791 S.W.2d 141, 142 (Tex.Crim.App. 1990) (where court of appeals failed to address issue raised, the issue is not ripe for our review; this Court can only review "decisions" of courts of appeals). Accordingly, rather than address appellant's contentions for the first time on discretionary review, we vacate the judgment of the Court of Appeals as to this issue and remand this cause to that court for reconsideration of appellant's right to counsel claim.[4] *Id.*

CLINTON, J., concurs in the result.

Before this Court appellant argued that his "inability to draft his pro se Motions for New trial so as to make them 'sufficient as a pleading' was clearly due to the fact that he did not have counsel to assist him."

3. We observe that nowhere in the Rules of Criminal Procedure governing motions for new trial, nor any of the predecessor code provisions governing motions for new trial, is it provided that such motions be verified or supported by affidavits. That requirement has been judicially imposed. *See, e.g., Bearden v. State,* 648 S.W.2d 688, 690 (Tex.Crim.App.1983) (recognizing that Code of Criminal Procedure has never required that motion for new trial be verified, but this Court has continually held that without verification or an affidavit in support thereof, a motion for new trial based on matters outside of the record is insufficient as a pleading); *Hicks v. State,* 75 Tex.Crim. 461, 171 S.W. 755, 762–63 (1914) (op. on reh'g) (holding that motions for new trial based on facts not in record must be supported by affidavits even though statute governing motions did not require same). Appellant does not complain of the requirement for verification or affidavits in the context of a motion for new trial, but rather argues that such requirement was a technicality that he could not have been expected to know without the benefit of counsel.

4. The State also argued before the Court of Appeals, and again before this Court, that appellant "waived" his right to counsel due to his unjustified delay in obtaining representation. *Compare*

BAIRD, Judge, concurring in part and dissenting in part.

I join that portion of the majority opinion addressing the motion for new trial grounds for review but I respectfully dissent to the majority's decision to dismiss the grounds for review relating to the issue of restitution.

**I.**

Although we initially decided to review appellant's restitution grounds, the majority, purporting to rely on *Armstrong v. State,* 805 S.W.2d 791, 794 (Tex.Cr.App.1991), concludes resolution of those grounds would be advisory. *Majority op.,* 877 S.W.2d 325, 325, n. 1. In *Armstrong,* the defendant appealed from his conviction and the State cross-appealed. The Court of Appeals affirmed the conviction and dismissed the State's appeal. *Id.,* 805 S.W.2d at 792. We held resolution of the State's point of error would be advisory be-

*Minjares v. State,* 577 S.W.2d 222, 224 (Tex. Crim.App.1978) ("defendant's failure to obtain counsel when provided adequate opportunity to do so constitutes a waiver under the facts of the case") and *United States v. Mitchell,* 777 F.2d 248, 257–58 (5th Cir.1985) (district court did not abuse discretion in denying continuance even though it resulted in defendant's being unrepresented throughout trial where defendant had hired attorney knowing of the attorney's schedule conflict and had failed to hire another attorney even though he had several months to do so), *cert. denied* 475 U.S. 1096, 106 S.Ct. 1493, 89 L.Ed.2d 895 (1986) *with Parker v. State,* 545 S.W.2d 151, 156 (Tex.Crim.App.1977) (where defendant was not indigent but appeared on the date of the revocation hearing without counsel, it could not be concluded that defendant "waived" his right to counsel by using that right "to obstruct the orderly procedure" and fair administration of justice in an effort to postpone the revocation hearing) and *Baker v. State,* 519 S.W.2d 648, 649 (Tex.Crim.App.1975) (where retained counsel failed to appear on day of trial, trial court erred in proceeding to trial in absence of showing of knowing and intelligent waiver of right to representation at trial). The Court of Appeals did not find it necessary to address whether appellant might have forfeited his right to counsel. If the Court of Appeals concludes that appellant was entitled to counsel in preparing his motion, but that appellant in fact forfeited or effectively "waived" that right, the Court of Appeals may then need to address the issues raised by the parties with respect to the adequacy of the motion for new trial.

cause, regardless of its resolution, Armstrong could not be retried. *Id.*, 805 S.W.2d at 794.

However, in the instant case, the majority's conclusion that resolving the restitution grounds would be advisory is contingent upon the action of the Court of Appeals on remand. The majority states:

> We [have] remand[ed] this case to the Court of Appeals to determine whether appellant waived counsel on his motion for new trial. *In the event* the Court of Appeals concludes that appellant was entitled to counsel in preparing his motion, did not forfeit that right and remands the case to the trial court to allow appellant time to refile his motion for new trial with the benefit of counsel ... the possibility exists that the motion would be granted, rendering moot any decision of this Court pertaining to the issue of restitution.

*Majority op.*, 877 S.W. at 325, n. 1. (Emphasis supplied.)

*Armstrong* is distinguishable because appellate resolution of the State's point of error in that case could not be given effect. However, in the instant case, resolution of the restitution grounds could be given effect if the Court of Appeals concludes appellant waived counsel on his motion for new trial. Consequently, our opinion would not be advisory.

## II.

The instant case arose from the *same* transactions as *Martin v. State*, 806 S.W.2d 237 (Tex.App.—Austin 1991). And the Court of Appeals relied on its opinion in *Martin* to resolve appellant's restitution issues. *Connor v. State*, 809 S.W.2d 560, 564 (Tex.App.—Austin 1991). However, we reversed the Court of Appeals in *Martin v. State*, 874 S.W.2d 674 (Tex.Cr.App.1994), holding the trial judge erred by ordering restitution to "persons other than just the victim of the crime for which [Martin] was convicted." *Id.*, 874 S.W.2d at 679. Should the Court of Appeals determine appellant waived counsel on his motion for new trial, it would be prudent for that Court to reconsider the restitution issue in light of our opinion in *Martin*. However, in limiting the scope of the remand to the motion for new trial issue,

the majority precludes the Court of Appeals from considering the restitution issue. *Williams v. State*, 829 S.W.2d 216 (Tex.Cr. App.1992). Under this remand, if the Court of Appeals determines appellant is not entitled to relief on the motion for new trial issue, appellant must again seek discretionary review of the restitution grounds. Such an action would be a needless waste of everyone's time and resources. Consequently, I would permit the Court of Appeals to reconsider the restitution issue in light of *Martin*.

With these comments, I respectfully dissent.

CAMPBELL and OVERSTREET, JJ., join this opinion.