Connor 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00442-CR


NO. 03-95-00443-CR


NO. 03-95-00444-CR





James Augustus Connor, Appellant


v.


The State of Texas, Appellee





FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT

NOS. 4242; 4243 & 4244, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING





 James Augustus Connor appeals from a conviction for the fraudulent sale of
securities in violation of the Texas Securities Act. See Tex. Rev. Civ. Stat. Ann. arts. 581-29(C)(1) (West Supp. 1994), 581-4(F) (West 1964). For a second time, Connor appeals to this
Court alleging that the trial court erred by: (1) entering judgments of conviction without first
conducting a new trial; (2) setting aside an order granting a new trial; (3) overruling Connor's
motion for new trial; and (4) imposing excessive restitution as a condition of Connor's probation. 
We will affirm the trial-court judgment in part and reverse and remand in part.


PROCEDURAL HISTORY


 In 1989, Connor entered pleas of guilty to three indictments charging him with
fraudulent sale of securities in violation of the Texas Securities Act. See id. In accordance with
the plea bargain, the trial judge sentenced Connor to ten years' probation, the terms of which
required him to pay $65,179.08 in restitution. Connor appealed the convictions to this Court,
complaining in each of the three causes that the Texas Securities Act was unconstitutional for
vagueness as applied to him; that the trial court erred by hearing Connor's motions for new trial
in the absence of defense counsel; and that the trial court erred in ordering Connor to pay
restitution because there was no probative evidence to support the amount of restitution ordered. 
We overruled Connor's points of error and affirmed the trial court judgment. See Connor v.
State, 809 S.W.2d 560 (Tex. App.--Austin 1991), reversed, 877 S.W.2d 325 (Tex. . App. 1994). 
The court of criminal appeals granted Connor's petition for discretionary review and remanded
the causes to this Court for reconsideration of Connor's right-to-counsel claim. See Connor v.
State, 877 S.W.2d 325 (Tex. Crim. App. 1994).

 In September 1994, on remand from the court of criminal appeals, we concluded
that Connor had been deprived of representation of counsel at a critical stage of trial, reversed 
the trial-court judgment, and remanded the causes for a new trial (the "September 1994 opinion"). 
The State submitted a motion for rehearing, contending Connor should not be granted a complete
new trial because he was only denied counsel at the hearing on his motions for new trial. 
According to the State, the proper remedy in such a situation would be to remand the causes to
the trial court solely for a hearing on the motion for new trial. In response, we withdrew our
original opinion and issued a new opinion (the "December 1994 opinion") and judgment reversing
the trial court's judgments of conviction and remanding the causes to the trial court solely for a
hearing on Connor's motion for new trial. See Connor v. State, Nos. 3-89-229-CR, 3-89-230-CR,
& 3-89-231-CR (Tex. App.--Austin Dec.7, 1994, no pet.) (not designated for publication). 
Following our December 1994 opinion and judgment, neither appellant nor the State sought
review by the court of criminal appeals. On remand to the district court, Connor, with the
assistance of counsel, prepared and filed a new motion for new trial. The trial court held an
evidentiary hearing on this new motion, at which Connor's counsel was present. The trial court
overruled Connor's motion for new trial and re-entered the judgments of conviction. (1) Connor
appeals.


DISCUSSION AND HOLDINGS
 

A. Earlier "Reversal" of Convictions as Requiring New Trial on Merits


 In his first three points of error, Connor contends that, because our December 1994
opinion and judgment "reversed" the convictions, the trial court erred by entering new judgments
of conviction without first conducting a new trial on the merits. Connor further asserts that
reversing the judgments of conviction, rather than abating the appeal or remanding without
disturbing the convictions, implies that we found error occurred at a stage of trial prior to the
hearing on his motions for new trial. He argues, therefore, that he is entitled to a new trial.


(i) Language of Our December 1994 Opinion and Judgment

 Our December 1994 judgment stated:


[B]ecause it is the opinion of this Court that there was error in the judgment: IT
IS ORDERED, ADJUDGED and DECREED by the Court that the judgment be
reversed and the cause remanded for further proceedings in accordance with the
opinion of this Court.



Our mandate to the district court, issued in January 1995, contained the same language. In
interpreting the judgment and the mandate in this case, it is necessary to look not only at those
documents, but also to our opinion. See Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986);
Seale v. Click, 556 S.W.2d 95, 96 (Tex. Civ. App.--Eastland 1977, writ ref'd n.r.e.). Our
December 1994 opinion stated that "we set aside the judgments of conviction and notices of appeal
and return the causes to the trial court for a hearing on the motions for new trial." Connor, slip
opinion at 3. The opinion goes on to specifically order that, if Connor's "motions for new trial
are denied, judgments should be pronounced and notices of appeal may be given." Id.

 The Texas Supreme Court has held that "[a] judgment should be construed as a
whole toward the end of harmonizing and giving effect to all the court has written." Point
Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). Although we confess that
some of the language in our December 1994 opinion appears to be contradictory, when the
opinion is read as a whole we believe our intention is clear: the trial court was to conduct a new
hearing on Connor's motions for new trial and, if the motions were overruled, re-enter the
judgments of conviction to allow for the filing of new notices of appeal. While we agree that
abating the appeal and returning Connor to the stage at which he was denied counsel would have
been a better course of action, we see no reason why a reversal of the judgments accompanied by
specific instructions is necessarily ineffective. Given the accompanying instructions, our use of
the terms "reverse" and "set aside" cannot logically be read to entitle Connor automatically to a
new trial on the merits.

 An ambiguous judgment should be given the construction that renders it "more
reasonable, effective, and conclusive, and which harmonizes it with the facts and the law of the
case." State Farm Lloyds, Inc. v. Williams, 791 S.W.2d 542, 546 (Tex. App.--Dallas 1990, writ
denied). The more reasonable construction of our December 1994 judgment, the one that
harmonizes it with the intention expressed in our December 1994 opinion and avoids an
unnecessary retrial, is that we remanded the cause only for the purpose of conducting a hearing
on Connor's motion for new trial at which Connor had the benefit of counsel.


(ii) Procedural History

 The procedural history of the earlier appeal confirms our intention to remand the
cause for the limited purpose of granting Connor a hearing on his motion for new trial at which
he had the benefit of counsel. In our September 1994 opinion we held Connor was entitled to a
complete new trial on the merits, and we issued a judgment that read as follows: "IT IS
ORDERED, ADJUDGED and DECREED by the Court that the judgment be reversed and the
cause remanded for new trial . . . ." After considering and agreeing with the State's motion for
rehearing, which complained that Connor was not entitled to a new trial on the merits, we
withdrew our September 1994 opinion and judgment. The judgment accompanying the December
1994 opinion read as follows: "IT IS ORDERED, ADJUDGED and DECREED by the Court 
that the judgment be reversed and the cause remanded for further proceedings in accordance with
the opinion of this Court; that the prior opinion and judgment of the Court issued in September
1994, be and are hereby withdrawn . . . ." Our September 1994 judgment is an example of a
judgment remanding a cause for a complete new trial. In marked contrast, the December 1994
judgment evinces our intent to remand for proceedings other than for a new trial.


(iii) Source of Contradictory Language

 It is instructive to consider the source of the contradictory-sounding language
contained in our December 1994 opinion. In determining the relief to be granted, we were
attempting to follow the guidelines set forth in Trevino v. State, 565 S.W.2d 938 (Tex. Crim.
App. 1978). A comparison of the two opinions leaves no doubt as to that matter:



Trevino v. State



 [1] In cases where a defendant was
denied counsel during the post-trial review
proceedings under Article 40.09, V.A.C.C.P.,
we have abated the appeal for recommendation of
proceedings at that stage at which the defendant
was without the assistance of counsel. [Citations
omitted.] [2] Because in the instant case appellant
was denied counsel at a stage of the review
process prior to sentence and notice of appeal,
we set aside the sentence and notice of appeal
and return the cause for a hearing on the motion
for new trial and an orderly course of subsequent
events. [3] In the event appellant's motion for
new trial is denied, sentence should then be
pronounced and notice of appeal may be given.
. . .

 [4] The sentence and notice of appeal are
set aside and the cause is remanded to the trial
court for a hearing on the motion for new and for
the orderly conduct of subsequent post-trial
proceedings.


Connor v. State



 [1] In cases where a defendant was
denied counsel at the motion for new trial, the
appropriate procedure is to abate the appeal and
return the defendant to the stage of the
proceedings at which he was denied the
assistance of counsel. See Trevino, 565 S.W.2d
at 941. [2] Because appellant was denied counsel
at a stage prior to the judgments placing appellant
on probation and notices of appeal, we set aside
the judgments of conviction and notices of appeal
and return the causes to the trial court for a
hearing on the motions for new trial. [3] In the
event appellant's motions for new trial are
denied, judgments should be pronounced and
notices of appeal may be given.

 . . . [4] The judgments of conviction are
reversed and the causes are remanded to the trial
court for a hearing on the motions for new trial
and the orderly conduct of post-trial proceedings.


 Our attempt to follow Trevino went awry, however, because when Trevino was
decided in 1978, sentence was assessed but not formally "pronounced" until after a motion for
new trial had been overruled. See Code of Criminal Procedure, 59th Leg., R.S., ch. 722, art.
42.03, 1965 Tex. Gen. Laws 317, 485 (Tex. Code Crim. Proc. Ann. art. 42.03, since amended);
Carpenter v. State, 541 S.W.2d 446, 447 (Tex. Crim. App. 1976). As a result of that procedure,
the court in Trevino could set aside the sentence without actually disturbing the judgment. Since
1981, however, motions for new trial have been filed after pronouncement of sentence. See Tex.
R. App. P. 31(a); Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 107, 1981 Tex. Gen. Laws
761, 803-04 (Tex. Code Crim. Proc. Ann. art. 40.05, since recodified as Tex. R. App. P. 31(a)).

 In the present case, the only pronouncement of sentence occurred in the
judgment--the same document in which the judgment of conviction was rendered. This Court faced
the perceived dilemma, therefore, of being unable to set aside the sentence (as the Trevino court
had done) without also setting aside the judgment of conviction. The solution arrived at was to
set aside the judgments temporarily, long enough for the trial court to hold a new hearing on
Connor's motion for new trial, with express instructions to re-enter the judgments of conviction
if the motions for new trial were overruled.


(iv) No Finding of Error Prior to Judgment of Conviction

 Connor further argues, however, that our December 1994 opinion specifically
determined that "Appellant was denied counsel at a stage prior to the judgment . . . ," and that
he is, therefore entitled to a new trial to correct the errors to which we refer. Connor
misinterprets our opinion. Upon review of our December 1994 opinion, it is apparent that the
quote used by Connor in support of his argument is incomplete. In full, the sentence reads as
follows: "Because appellant was denied counsel at a stage prior to the judgment placing appellant
on probation and notices of appeal, we set aside the judgments of conviction and notices of appeal
and return the causes to the trial court for hearing on the motions for new trial." See Connor, slip
opinion at 3 (emphasis added). While the abbreviated portion of this sentence used by Connor
could, if taken out of context, imply we found error in a stage other than at the hearing on his
motions for new trial, it is clear from the complete sentence that we remanded the cause to the
trial court only for a hearing on Connor's motion for new trial.


(v) Scope of Remand from Court of Criminal Appeals

 Our intent to remand only for a hearing on Connor's motion for new trial is further
supported by the narrow and specific scope of this Court's authority over Connor's causes that
had been granted by the mandate of the court of criminal appeals when it remanded the cause to
us. In his petition for discretionary review, Connor contended he was erroneously denied counsel
at a hearing on his motions for new trial and during the preparations for that hearing. Connor did
not contend in his petition that he was denied counsel at any other stage of the trial, and the court 
of criminal appeals expressly stated in its opinion that Connor "was represented by retained
counsel at trial." The opinion went on to remand the cause to this Court for the purpose of
answering the question of whether Connor was "entitled to assistance of counsel in preparing and
filing his motion for new trial." See Connor, 877 S.W.2d at 326-27. The judgment from the
court of criminal appeals remanded for our reconsideration only Connor's "right to counsel
claim." Based on the language of the court of criminal appeals' opinion, as well as the limited
nature of the contentions made by Connor himself in his petition for discretionary review, this
Court lacked the authority to make any determination except whether Connor was entitled to
counsel at his hearing on motion for new trial. See Connor, 877 S.W.2d at 328 (Baird, J.,
concurring); Williams v. State, 829 S.W.2d 216, 217-18 (Tex. Crim. App. 1992). But cf. Adkins
v. State, 764 S.W.2d 782, 784 (Tex. Crim. App. 1988) (exercise of reviewing function by
intermediate appellate court is limited only by its own discretion or valid restrictive statute). 
Because our consideration on remand was limited to Connor's right-to-counsel claim at the hearing
on his motions for new trial, it would be inconsistent to read our December 1994 opinion and
judgment as finding error in any other stage of the trial.

 In sum, we believe our December 1994 opinion, judgment, and mandate, when read
together, manifest our intent to remand these causes to the trial court only for a hearing on
Connor's motions for new trial at which Connor would be provided with counsel. The trial court
correctly followed our instructions. Moreover, based on the scope of the court of criminal
appeals' remand to us, it would have been error for us to order anything more than a new hearing
on Connor's motion for new trial. Accordingly, we overrule Connor's first three points of error.


B. Visiting Judge's Entries



 Connor's fourth point of error regards a series of actions occurring after the causes
were remanded to the trial court. Upon remand from this Court, the trial court issued a notice
of "hearing on [Connor's] motion for new trial at 9:00 a.m. on March 31, 1995 . . . ." On March
31, 1995, the hearing was held and presided over by the Honorable Charles Hearn, a retired
district judge. Judge Hearn concluded the hearing by orally granting Connor a new trial on all
three causes and making docket entries to that effect. Following this hearing, the trial court issued
another notice that a hearing on Connor's motion for new trial was to take place on May 3, 1995. 
The regular judge of the 33rd District Court, the Honorable Clayton Evans, presided over the
May 3 hearing. Judge Evans stated at the hearing that he had withdrawn Judge Hearn's ruling
and was holding a hearing on Connor's motion for new trial in accordance with our December
1994 judgment and opinion. It is Connor's contention that Judge Hearn's docket entries constitute
a written order granting Connor a new trial. According to Connor, once Judge Hearn made the
docket entries granting Connor a new trial, it was error for Judge Evans to revisit the ruling. We
disagree.

 It is unclear from the record exactly what Judge Hearn was attempting to do at the
March 31, 1995, hearing; given the context of the situation, however, we believe that by
"granting" Connor a new trial, Judge Hearn was doing one of three things: (1) granting a new
trial on his own motion; (2) granting Connor's new motion for new trial, which was filed that
morning; or (3) merely interpreting our December 1994 judgment, mandate, and opinion as
ordering that Connor receive a new trial.

 If Judge Hearn was attempting to grant Connor a new trial sua sponte, such action
would be a nullity because a trial judge in a criminal case is without authority to grant a new trial
on his own motion. See Zaragosa v. State, 588 S.W.2d 322, 327 (Tex. Crim. App. 1979);
Duggard v. State 688 S.W.2d 524, 528 (Tex. Crim. App. 1985); Richards v. State, 718 S.W.2d
831, 832 (Tex. App.--Austin 1986, no pet.).

 Furthermore, we do not believe Judge Hearn was granting Connor's new motion
for new trial because he took no evidence at the hearing and made no mention of Connor's
motion. Instead, he opened the proceedings by stating "we're here in this Court today because
of a mandate from the Third Court of Appeals which remanded this case back to the Trial Court
for findings in accordance with that mandate." At the conclusion of that hearing, without
considering Connor's motion for new trial, Judge Hearn ruled that: "[B]ased upon the Order of
the Court of Appeals reversing the judgments in this case and ordering this Court to proceed under
Rule 87(b)(2) of the Rules of Appellate Procedure, the new trial is hereby granted in all three
cause numbers . . . "; however, Judge Hearn never executed a written order to that effect. The
language quoted above, coupled with the lack of a subsequent written order, is most consistent
with the theory that Judge Hearn was simply attempting to enforce our December 1994
judgment--he was not ruling on a motion for new trial.

 When an appellate court remands a case and limits the proceedings below with
specific instructions, the trial court is restricted to conducting those proceedings only. See
Hudson v. Wakefield, 711 S.W.2d 628, 631 (Tex. 1986). As discussed above, our December
1994 judgment and opinion did not require the trial court to grant Connor a new trial. Judge
Evans's interpretation of our judgment was correct, and he committed no error in disregarding
Judge Hearn's erroneous ruling and conducting only a hearing on Connor's motions for new trial. 
We overrule Connor's fourth point of error. 

C. Ineffective Assistance of Counsel


 In point of error five, Connor contends the trial court erred in denying his motion
for new trial because he was denied effective assistance of counsel at the time he pled guilty. 
Specifically, Connor alleges his counsel failed to conduct an independent investigation, failed to
read or explain the charges and evidence against him, and erroneously advised or coerced Connor
to plead guilty to the charges.

 The granting of a motion for new trial on the ground of ineffective assistance of
counsel is a matter entirely within the trial court's discretion. See Tex. R. App. P. 30(b); State
v. Thomas, 768 S.W.2d 335, 336 (Tex. App.--Houston [14th Dist.] 1989, no writ). The trial
judge's finding should not be disturbed unless an abuse of discretion has been shown. Tollett v.
State, 799 S.W.2d 256, 259, (Tex. Crim. App. 1990).

 Connor was entitled to reasonably effective assistance of counsel, a right
established by the Sixth Amendment to the United States Constitution, applied to the states
through the Fourteenth Amendment, and recognized in article I, section 10 of the Texas
Constitution and article 1.05 of the Texas Code of Criminal Procedure. See Thomas, 768 S.W.2d
at 336. Texas follows the federal standard enunciated in Strickland v. Washington, 466 U.S. 668
(1984), in deciding whether a defendant has received effective assistance of counsel. Wilkerson
v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). Under that standard, Connor must
establish, by a preponderance of the evidence, two things: (1) counsel's representation fell below
an objective standard of reasonableness, based on prevailing professional norms, and (2) but for
the deficient performance, the result of the proceeding would have been different. If either of the
elements is not established, the contention fails. Rico v. State, 707 S.W.2d 549, 556 (Tex. Crim.
App. 1983).

 Connor has failed to show how his counsel's actions were deficient and how those
actions affected his decision to plead guilty. Most of the evidence adduced at the hearing on the
motion for new trial regards Connor's state of mind at the time he pleaded guilty. He claims his
mother's illness induced him to plead guilty so he could finish the proceedings quickly and attend
to her needs. There is no indication from the record, however, that counsel urged Connor to
plead guilty for this reason. According to Connor, trial counsel told him he "didn't have a chance
in any kind of court hearing," and that was why he should pursue a plea bargain. Connor further
testified that counsel informed him the State was seeking "hard time" if Connor did not enter into
a plea bargain. Judicial scrutiny of counsel's performance must be highly deferential. The trial
court, in determining if counsel's conduct rendered Connor's plea involuntary, was required to
indulge a strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. See Strickland, 466 U.S. at 689.

 Furthermore, there is evidence in the record showing that Connor was aware of the
ramifications of his guilty plea. Connor was fully admonished as to the effect of his guilty plea. 
Upon Connor's plea of guilty, Judge Evans asked if Connor fully understood the charges, and
Connor replied that he did. Judge Evans asked if any one coerced Connor into making the plea
and Connor replied that no one had. And when asked if he was pleading guilty simply because
he was guilty, Connor replied that he was. Based on the record before us, we do not believe the
trial court abused its discretion in determining that Connor's pleas were entered voluntarily, in
concluding that trial counsel's actions did not constitute ineffective assistance, and therefore in
overruling Connor's motions for new trial. We overrule point five.


D. Amount of Restitution as Condition of Probation


 In points of error six and seven, Connor asserts the restitution imposed by the trial
court as a condition of probation was excessive and should not have been awarded to any person
other than the victims of the crime for which Connor was convicted. (2) On original submission,
this Court affirmed the restitution award against Connor, basing our reasoning on Martin v. State,
806 S.W.2d 237 (Tex. App.--Austin 1991), rev'd, 874 S.W.2d 674 (Tex. Crim. App. 1994), a
case arising from the same transaction as the instant cause. Since that time the court of criminal
appeals has reversed our judgment in Martin, holding that the trial court erred by ordering
restitution to persons other than the victims of the crime for which the defendant had been charged
and convicted. See Martin v. State, 874 S.W.2d 674, 680 (Tex. Crim. App. 1994). Accordingly,
we sustain Connor's sixth and seventh points of error.


CONCLUSION


 For the reasons given, we overrule points of error one through five and affirm the
trial-court judgment as to Connor's guilt for violating the Texas Securities Act. We sustain
Connor's sixth and seventh points of error, reverse the trial-court judgment as to restitution, and
remand that issue to the trial court to reform the restitution order in a manner not inconsistent with
our opinion. We emphasize that this remand is limited--the judgments of conviction remain
undisturbed and the trial court may reform only the order of restitution. If Connor chooses to 
appeal after the trial court has reformed the restitution order, his appeal will be limited to that
issue.



 
 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Powers and Jones

Affirmed in Part; Reversed and Remanded in Part on All Causes

Filed: February 13, 1997

Do Not Publish
1. Upon denying Connor's motion for new trial, the trial judge initially concluded the
proceedings without re-entering the judgments of conviction. Connor filed notices of appeal. In
response to Connor's appeal, this Court issued an order abating the appeal, stating that the
absence of judgments of conviction deprived us of jurisdiction over the appeal. We then
remanded the causes to the trial court to re-enter the original judgments of conviction in
accordance with our December 1994 judgment. The trial court did so, and the current appeal was
reinstated.
2. Connor raised this issue on his first appeal to this Court and in his petition for discretionary
review at the court of criminal appeals. The court of criminal appeals expressly declined to
address the issue because it believed an opinion on the issue would be advisory if Connor was
eventually granted a new trial on remand and the restitution order changed. See Connor, 877
S.W.2d at 327; see also Martin v. State, 874 S.W.2d 674, 680 (Tex. Crim. App. 1994).



of reasonable
professional assistance. See Strickland, 466 U.S. at 689.

 Furthermore, there is evidence in the record showing that Connor was aware of the
ramifications of his guilty plea. Connor was fully admonished as to the effect of his guilty plea. 
Upon Connor's plea of guilty, Judge Evans asked if Connor fully understood the charges, and
Connor replied that he did. Judge Evans asked if any one coerced Connor into making the plea
and Connor replied that no one had. And when asked if he was pleading guilty simply because
he was guilty, Connor replied that he was. Based on the record before us, we do not believe the
trial court abused its discretion in determining that Connor's pleas were entered voluntarily, in
concluding that trial counsel's actions did not constitute ineffective assistance, and therefore in
overruling Connor's motions for new trial. We overrule point five.


D. Amount of Restitution as Condition of Probation


 In points of error six and seven, Connor asserts the restitution imposed by the trial
court as a condition of probation was excessive and should not have been awarded to any person
other than the victims of the crime for which Connor was convicted. (2) On original submission,
this Court affirmed the restitution award against Connor, basing our reasoning on Martin v. State,
806 S.W.2d 237 (Tex. App.--Austin 1991), rev'd, 874 S.W.2d 674 (Tex. Crim. App. 1994), a
case arising from the same transaction as the instant cause. Since that time the court of criminal
appeals has reversed our judgment in Martin, holding that the trial court erred by ordering
restitution to persons other than the victims of the crime for which the defendant had been charged
and convicted. See Martin v. State, 874 S.W.2d 674, 680 (Tex. Crim. App. 1994). Accordingly,
we sustain Connor's sixth and seventh points of error.


CONCLUSION


 For the reasons given, we overrule points of error one through five and affirm the
trial-court judgment as to Connor's guilt for violating the Texas Securities Act. We sustain
Connor's sixth and seventh points of error, reverse the trial-court judgment as to restitution, and
remand that issue to the trial court to reform the restitution order in a manner not inconsistent with
our opinion. We emphasize that this remand is limited--the judgments of conviction remain
undisturbed and the trial court may reform only the order of restitution. If Connor chooses to 
appeal after the trial court has reformed the restitution order, his appeal will be limited to that
issue.



 
 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Powers and Jones

Affirmed in Part; Reversed and Remanded in Part on All Causes

Filed: February 13, 1997

Do Not Publish
1. Upon denying Connor's motion for new trial, the trial judge initially concluded the
proceedings without re-entering the judgments of conviction. Connor filed notices of appeal. In
response to Connor's