Joseph Ben **MASSINGILL**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 03–99–00301–CR, 03–99–00302–CR.

Court of Appeals of Texas,
Austin.

Dec. 16, 1999.

Alexander L. Calhoun, Austin, for appellant.

C. Bryan Case, Jr., Asst. Dist. Atty., Austin, for appellee.

Before Justices JONES, KIDD and PATTERSON.

J. WOODFIN JONES, Justice.

Appellant Joseph Ben Massingill waived his right to trial by jury and pleaded guilty to sexually assaulting and robbing two women at knifepoint. The district court found him guilty of aggravated sexual assault and aggravated robbery in each cause, and assessed punishment for each offense at imprisonment for life. *See* Tex. Penal Code Ann. §§ 22.021(a)(1)(A), (2)(A) (West Supp.1999), 29.03 (West 1994).

Appellant contends he was denied his right to counsel under the United States and Texas constitutions when the district court failed to appoint substitute counsel after permitting the attorney appointed to represent him at trial to withdraw following imposition of sentence. Appellant further contends his appellate counsel has been unable to effectively represent him because he was not timely appointed. We will sustain the first contention, abate the appeals, and remand the causes to the district court for a hearing on appellant's motions for new trial.

Sentence was imposed in these causes on April 14, 1999. On April 26, appellant's appointed trial counsel filed a motion in each cause stating that appellant had requested that he withdraw and asking permission to do so. The motions also requested the appointment of new counsel for appellant. The motions to withdraw were granted the day they were filed, but substitute counsel was not appointed. On May 13, appellant filed pro se notices of appeal. These notices appear to have been prepared by trial counsel, but do not bear his signature. The attorney who now represents appellant was appointed on May 17. On May 28, appellant filed motions for new trial asserting that his trial

counsel did not provide effective assistance, and as a consequence his decision to waive jury trial and plead guilty was not knowingly and voluntarily made. The district court took no action on these motions, which appellant concedes were not timely filed.

Appellant had thirty days following imposition of sentence, or until May 14, 1999, to either move for a new trial or perfect appeal. *See* Tex.R.App. P. 21.4(a), 26.2(a)(1). Appellant argues that this thirty-day period was a critical stage of the proceedings at which he was constitutionally entitled to counsel. He urges that this right was violated because he was without counsel from the day his original attorney was permitted to withdraw until the time for filing a motion for new trial had expired.

### Denial of right to counsel

"[A]n appointed attorney's legal responsibilities do not magically and automatically terminate at the conclusion of the trial." *Ward v. State*, 740 S.W.2d 794, 796 (Tex.Crim.App.1987). Appointed counsel "shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." Tex. Code Crim. Proc. Ann. art. 26.04(a) (West 1989). When the record does not reflect that trial counsel withdrew or was replaced by new counsel after sentencing, it must be assumed that trial counsel continued to effectively represent the defendant following conviction even if no motion for new trial was filed and the defendant filed a pro se notice of appeal. *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex.Crim.App. 1998).

In this appeal, unlike *Oldham*, the assumption of continued representation by trial counsel is rebutted by the record. Having determined that he could no longer represent appellant, trial counsel moved to withdraw and requested the appointment

of substitute counsel. Counsel thereby commendably sought to prevent "the ambiguity of representation which all too often follows a conviction." *Ward,* 740 S.W.2d at 797. The motion to withdraw was granted, but no substitute counsel was appointed at that time. Thus, appellant unquestionably was without counsel for the sixteen days immediately preceding the deadline for filing a motion for new trial.

■■■ A defendant is constitutionally entitled to the assistance of counsel at each critical stage of a criminal prosecution. *See Upton v. State,* 853 S.W.2d 548, 553 (Tex.Crim.App.1993); U.S. Const. amend. VI; Tex. Const. art. I, § 10. Whether a particular stage is critical turns on an assessment of the usefulness of counsel to the accused at that time. *See Upton,* 853 S.W.2d at 553.

"Without doubt the hearing on a motion for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review." *Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Crim.App.1978). *Trevino* makes it clear that a criminal prosecution, within the meaning of the Sixth Amendment and article I, section 10, does not end with the defendant's conviction. The question raised by this appeal is whether the time allowed for preparing and filing a motion for new trial, like a hearing on the motion, is a critical stage of the proceedings. The Texas Court of Criminal Appeals has not answered this question. *See Oldham,* 977 S.W.2d at 361; *Connor v. State,* 877 S.W.2d 325, 326–27 (Tex.Crim.App.1994). Some courts of appeals, however, have answered it in the affirmative. *See Oldham v. State,* 889 S.W.2d 461, 462 (Tex.App.— Houston [14th Dist.] 1994), *rev'd on other grounds,* 977 S.W.2d 354 (Tex.Crim.App. 1998); *Callis v. State,* 756 S.W.2d 826, 827 (Tex.App.—Houston [1st Dist.] 1988, no pet.). We reach the same conclusion.

■ The importance of counsel to a defendant immediately after conviction is recognized in both case law and statute. As previously discussed, an attorney's responsibilities to his client do not end with conviction. *See Ward,* 740 S.W.2d at 796; Art. 26.04(a). Whether retained or appointed, trial counsel is obligated after conviction to consult with and fully advise his client concerning the meaning and effect of the judgment of conviction, the advantages and disadvantages of appeal, and the steps necessary to preserve and pursue the right to appeal. *See Ex parte Axel,* 757 S.W.2d 369, 374 (Tex.Crim.App. 1988).

A defendant "must comply with a myriad of procedural rules in order to perfect a meaningful appeal." *Ward,* 740 S.W.2d at 797–98. While a motion for new trial is not a prerequisite to appeal in every case, for a meaningful appeal of some issues a defendant must prepare, file, present, and obtain a hearing on a proper motion for new trial in order to adduce facts not otherwise shown by the record. *See* Tex. R.App. P. 21.2; 43 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* § 41.01 (Texas Practice 1995). It is no more reasonable to require a defendant to perform these tasks without the assistance of counsel than it is to require him to represent himself at a new trial hearing. As the court of appeals wrote in *Oldham:*

> If the hearing on a motion for a new trial is a critical stage of the proceedings, then logic dictates that the time period for filing the motion is also a critical stage of the proceedings. Obviously, if appellant is not allowed to file a motion for new trial [because of the absence of counsel], then she will not have her opportunity to present to the trial court reasons for a new trial any more than did the appellant in *Trevino.*

889 S.W.2d at 462.

The State does not contend that the time between sentencing and the deadline for filing a motion for new trial is not a

critical stage of the proceedings. Instead, the State notes that appellant did have counsel for twelve days after sentencing, and argues that it must be presumed that counsel acted effectively during that time. *See Oldham,* 977 S.W.2d at 363. This may be so, but the fact remains that appellant was without counsel for more than half of the critical thirty-day period. The State also argues that the district court was not obligated to appoint substitute counsel when trial counsel withdrew because at that time appellant had not manifested any desire to appeal. *See Ex parte Engle,* 418 S.W.2d 671, 676 (Tex.Crim.App.1967). This argument begs the question whether appellant was entitled to the assistance of counsel in the preparation and presentation of a motion for new trial.

■■■ "[A]ppointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Once the trial court determines that the defendant is indigent and entitled to appointed counsel, there is a presumption that the defendant remains indigent unless shown otherwise. *See Ward,* 740 S.W.2d at 798. Because the thirty-day period following sentencing was a critical stage of the proceedings, the district court should have appointed substitute counsel when it permitted trial counsel to withdraw. *Id.* (when assistance of counsel constitutionally required, appointed counsel must be furnished even absent request).

### Harm

■■■ Except for certain federal constitutional errors deemed structural by the United States Supreme Court, no error is categorically immune to a harmless error analysis. *See Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997); *see also Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (in general, federal constitutional error may be disregarded if reviewing court finds it

harmless beyond reasonable doubt). Structural errors are those constitutional violations that infect the conduct of a trial from beginning to end. *See Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). One example of a structural error is the total deprivation of counsel at trial. *Id.* at 309, 111 S.Ct. 1246; *see also Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Denial of counsel at a preliminary hearing in violation of the Sixth Amendment, on the other hand, has been held to be subject to harmless error review. *See Coleman v. Alabama,* 399 U.S. 1, 10–11, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

Appellant refers us to the statement in *Strickland v. Washington* that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant also cites *United States v. Cronic,* where the Supreme Court wrote that "a trial is unfair if the accused is denied counsel at a critical stage" and that "[t]he Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." 466 U.S. 648, 659 & n. 25, 104 S.Ct. 2039, 80 L.Ed.2d 657. In these statements, the Court was addressing the question whether a showing of prejudice was necessary to a finding of constitutional error. We do not understand these comments to mean that Sixth Amendment error can never be harmless.

■■■ We conclude that the denial of counsel after imposition of sentence and before the deadline for filing a motion for new trial is not structural error. Therefore, we will conduct a harmless error analysis under *Chapman.*

■■■ Eleven days after appellate counsel was appointed to represent him, appellant filed admittedly untimely motions for

new trial. In the motions and supporting affidavits, appellant stated that he was given erroneous advice by trial counsel that induced him to plead guilty. In particular, appellant alleged that he was told by counsel that he could receive cumulative sentences for these offenses, and that he would not have pleaded guilty but would have insisted on a trial had he known that the sentences could not be cumulated. *See* Tex. Penal Code Ann. § 3.03 (West Supp. 1999). The motions for new trial and affidavits assert reasonable grounds for a new trial which are not determinable from the record and would have entitled appellant to a hearing had they been timely. *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim.App.1999) (guilty plea involuntary if there is reasonable probability that, but for counsel's erroneous advice, defendant would have insisted on going to trial); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim.App.1993) (ineffective assistance of counsel may be raised in motion for new trial); *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994) (motion for new trial need not establish prima facie case to entitle defendant to hearing).

Whatever the ultimate merit of appellant's motions for new trial, he has asserted a facially plausible claim that his guilty pleas were involuntary because of ineffective assistance of trial counsel. Appellant was unable to present this claim to the trial court and make a record for appellate review because he was without counsel at the time a motion for new trial must be prepared and filed. On this record, we cannot declare beyond a reasonable doubt that the district court's failure to appoint substitute counsel promptly did not harm appellant.

### Remedy

 Sixth Amendment violations "are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation." *United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

The error in these causes did not contribute to appellant's convictions or punishment, and therefore reversal of the district court's judgments is not required. *See* Tex.R.App. P. 44.2(a). The obvious remedy, and the one requested by appellant, is to abate the appeals and remand the causes to the district court for a hearing on appellant's motions for new trial. This is the remedy the court of criminal appeals has employed in analogous cases. *See Trevino*, 565 S.W.2d at 941 (denial of counsel at new trial hearing); *Reyes*, 849 S.W.2d at 816 (denial of hearing on motion for new trial); *Kincaid v. State*, 500 S.W.2d 487, 489 (Tex.Crim.App.1973) (denial of opportunity to offer testimony at new trial hearing); *see also Green v. State*, 906 S.W.2d 937, 940 (Tex.Crim.App.1995) (appeal abated and cause remanded for findings and conclusions regarding voluntariness of confession); *Trevino v. State*, 841 S.W.2d 385, 387 (Tex.Crim.App.1992) (appeal abated and cause remanded for hearing pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)); *Barber v. State*, 737 S.W.2d 824, 828–29 (Tex.Crim.App.1987) (appeal abated and cause remanded for competency hearing).

We do not invoke appellate rule 2 to enlarge the time limit for filing a motion for new trial. *See Oldham*, 977 S.W.2d at 359–60; Tex.R.App. P. 2. Instead, we act pursuant to our authority to remedy the constitutional violation shown by the record. *See Oldham*, 977 S.W.2d at 360 ("a denial of constitutionally guaranteed counsel will be remedied, and the use of Rule 2(b) to effectuate this remedy is not necessary"); *Whitmore v. State*, 570 S.W.2d 889, 898 (Tex.Crim.App.1977) (op. on reh'g); *see also* Tex.R.App. P. 44.4.

By separate order, these appeals will be abated and the causes remanded to the district court for a hearing on appellant's motions for new trial. If the district court grants the motions, appellant's appeals will

be dismissed.[1] If the motions are overruled, the record will be supplemented and the parties will be permitted to brief any issues relating to the overruling of the motions. Our disposition of the first issue on appeal renders the second issue moot.

**1.** Appeals by the State from orders granting new trials would be separate proceedings. *See* Tex.Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp.1999).