TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00416-CR






Joe Garcia, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 1010306, HONORABLE BOB PERKINS, JUDGE PRESIDING







M E M O R A N D U M O P I N I O N



 Appellant Joe Garcia appeals his conviction for aggravated assault upon Samuel
Melendrez by threatening Melendrez with imminent bodily injury while using a deadly weapon, a
firearm. See Tex. Pen. Code Ann. § 22.02(a)(2) (West 1994). In a bench trial, the trial court found
appellant guilty and, after finding the allegations as to two prior felony convictions were true, 
assessed appellant's punishment at twenty-five years' imprisonment.


Points of Error

 Appellant advances two points of error. First, appellant contends that his rights to
counsel under the federal and state constitutions were denied when the trial court failed to timely
appoint replacement counsel after his appointed [trial] counsel was permitted to withdraw. Second,
appellant urges that he was denied the effective assistance of counsel on appeal because of the
belated appointment of counsel on appeal. See U.S. Const. amends. VI & XIV; Tex. Const. art. I,
§ 10. Thus, appellant presents a claim of deprivation of counsel at a critical stage of the
proceedings--during the time to prepare, file, and present a motion for new trial, and obtain a
hearing on such motion. We will abate and remand the case to the trial court based on our
disposition of the first point of error.


Background

 At the conclusion of the three-part bench trial, the trial court pronounced sentence on
May 17, 2002. Appointed counsel stated that appellant wanted to appeal and "I will do so." The
record then reflects:


THE DEFENDANT: I don't feel like my lawyer did the right -- you know, I don't
feel like he represented me right on my case.


THE COURT: Walter, do you want to withdraw on the deal and I'll
appoint him another lawyer to do his appeal?


MR. PRENTICE: That's fine.


THE COURT: Let's go ahead and do that. If you'll get in touch with
Pretrial Services and have them go ahead and get the next
lawyer on the list.


MR. PRENTICE: Somebody on the appeals list.


THE COURT: Yeah, on the appellate list. Thank you. We're going to
appoint you another lawyer to do the appeal so that way if
they disagree with the way Mr. Prentice did the Defense,
then he can bring that up. Okay. Thank you.



 The formal judgment and sentence was signed on May 22, 2002, and filed on May
23, 2002. On June 3, 2002, no action having been taken on the appointment of new counsel,
appellant's appointed trial counsel filed a notice of appeal, and a formal written motion to withdraw
as counsel and requesting that a new attorney be appointed for the purposes of appeal. This motion
was granted by the trial court "on this the ____ day of June, 2002" as reflected by the trial court's
order.

 The incarcerated appellant executed a sworn handwritten pro se motion for new trial
dated June 12, 2002. For reasons unclear from this record, the new trial motion was not filed until
June 20, 2002. The motion alleged that appellant had been denied the effective assistance of trial
counsel in that counsel was not prepared for trial and counsel's performance at trial was deficient
in several matters that injured and harmed appellant. The trial court apparently wrote on the motion: 
"This [motion] is a nullity because it's not timely filed." (1)

 On July 3, 2002, the trial court appointed another attorney to represent appellant. On
July 8, 2002, that attorney was allowed to withdraw and appellant's present counsel was appointed
to represent appellant on appeal. Thus, appellant asserts that he was in effect without counsel from
May 17, 2002 until July 8, 2002 during a critical stage of the proceedings, and that the delay in
appointing counsel has also caused his appeal to be without the effective assistance of counsel. 


Discussion


 The "continuity of representation from trial to appeal is necessary to correct the
ambiguity of representation which all too often follows conviction." Ward v. State, 740 S.W.2d 794,
797 (Tex. Crim. App. 1987). This statement furnishes the backdrop for the issue we discuss today. 

 An accused is entitled to counsel by virtue of the Sixth Amendment to the United
States Constitution at "every critical stage of a criminal prosecution" where the adversarial
proceedings have begun, absent a valid waiver of the right to counsel. See Upton v. State, 853
S.W.2d 548, 553 (Tex. Crim. App. 1993); see also Champion v. State, 82 S.W.3d 79, 81 (Tex.
App.--Amarillo 2000, no pet.); Massingill v. State, 8 S.W.3d 733, 736 (Tex. App.--Austin 1999,
no pet.). Whether a particular stage is critical turns on an assessment of the usefulness of counsel
to the accused at the time. See Upton, 853 S.W.2d at 553 (citing Patterson v. Illinois, 487 U.S. 285,
299-330 (1998); United States v. Wade, 388 U.S. 218, 235-39 (1967)); see also United States v. Ash,
413 U.S. 300, 313 (1973).

 Without question, the hearing on a motion for new trial is a critical stage of the
proceedings. Conner v. State, 877 S.W.2d 325, 326 (Tex. Crim. App. 1994); Trevino v. State, 565
S.W.2d 938, 940 (Tex. Crim. App. 1978). "It is the only opportunity to present to the trial court
certain matters that may warrant a new trial and to make a record on those matters for appellate
review." Trevino, 565 S.W.2d at 940. Trevino makes clear that a criminal prosecution, within the
meaning of the Sixth Amendment and article I, section 10, does not end with the defendant's
conviction. Massingill, 8 S.W.3d at 736.

 The issue raised by appellant here is whether the time allotted for preparing and filing
a motion for new trial, and presenting the same to the trial court, Tex. R. App. P. 21.4, 21.6, is a
critical stage of the proceedings, like the hearing on the motion for new trial. The Texas Court of
Criminal Appeals does not appear to have addressed this issue. See Smith v. State, 17 S.W.3d 660,
663 n.3 (Tex. Crim. App. 2000); Oldham v. State, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998);
Conner, 877 S.W.2d at 326-27. Several courts of appeals have addressed the issue and found that
the right to counsel exists. Champion, 82 S.W.3d at 83; Prudhomme v. State, 28 S.W.3d 114, 119
(Tex. App.--Texarkana 2000, no pet.); Hanson v. State, 11 S.W.3d 285, 288-89 (Tex.
App.--Houston [14th Dist.] 1999, pet. ref'd); Massingill, 8 S.W.3d at 736; Boyette v. State, 908
S.W.2d 56, 59 (Tex. App.--Houston [1st Dist.] 1995), remanded on other grounds, 982 S.W.2d 428
(Tex. Crim. App. 1998). If a hearing on a motion for new trial is a critical stage of the proceedings
"then logic dictates that the time period for filing a motion [for new trial] is also a critical stage of 
the proceedings." Burnett v. State, 959 S.W.2d 652, 656 (Tex. App.--Houston [1st Dist.] 1997, pet.
ref'd).

 In order to prevail on a claim of deprivation of counsel during the time to prepare,
file, and present a motion for new trial, an appellant must affirmatively prove that he was not
represented by counsel during a critical stage of the proceedings. Oldham, 977 S.W.2d at 363. 
Hanson, 11 S.W.3d at 288. There is a rebuttable presumption that an appellant was represented by
counsel and that counsel acted effectively. Oldham, 977 S.W.2d at 363. This presumption arises,
in part, because appointed counsel remains as the accused's counsel for all purposes until expressly
permitted to withdraw, even if the original appointment was for trial only. See Ward, 740 S.W.2d
at 796. And the presumption is not rebutted when there is nothing in the record to suggest otherwise. 
Smith, 17 S.W.3d at 662-63. In Smith and Oldham, the defendants failed to show that they were not
represented by counsel at the time in question. See Champion, 82 S.W.3d at 81.

 The above described presumption is inapplicable here or has been rebutted by the
facts of this case. First, appellant was actually or constructively denied counsel from the time of his
sentencing on May 17, 2002, when his trial counsel withdrew at the trial court's suggestion, until
July 8, 2002, when the second appellate counsel was appointed. The presumption does not apply
when counsel has withdrawn and a defendant is without counsel during the crucial thirty days to
prepare and file a motion for new trial, or the ten days in which to present the motion to the trial
court. See Tex. R. App. P. 21.4, 21.6; see Massingill, 8 S.W.3d at 735. Second, it is true that no
timely motion for new trial was filed. This, however, is not a situation where a defendant, counseled
by his attorney, decided to forego his option of filing a motion for a new trial. While incarcerated
and without the aid of counsel, appellant prepared a pro se motion for new trial six days before the
filing deadline. It was not filed until two days after the deadline. The motion alleged acts appellant
claimed to constitute ineffective assistance of counsel and the injury resulting therefrom. (2)

 "The importance of counsel to a defendant immediately after conviction is recognized
in both case law and statute." Massingill, 8 S.W.3d at 736; Tex. Code Crim. Proc. Ann. art. 26.04(a)
(West Supp. 2003). A defendant "must comply with a myriad of procedural rules in order to perfect
a meaningful appeal." Ward v. State, 740 S.W.2d 794, 797-98 (Tex. Crim. App. 1987). It is
indisputable that counsel can be useful in coping with legal problems in preparing, filing, and
presenting a proper motion for a new trial. Prudhomme, 28 S.W.3d at 118. It is also beyond dispute
that a motion for new trial can be an extremely important tool for presenting error on appeal. Id. 
While a motion for new trial is not a prerequisite to an appeal in every case, for a meaningful appeal
of some issues a defendant must prepare, file, present, and obtain a hearing on a proper motion for
new trial in order to adduce facts not otherwise shown by the record. See Tex. R. App. P. 21.2;
Massingill, 8 S.W.3d at 736; 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal
Practice and Procedure § 41.01 (2d ed. 2001). "It is no more reasonable to require a defendant to
perform these tasks without the assistance of counsel than it is to require him to represent himself
at a new trial hearing," which is a critical stage of the proceedings. Massingill, 8 S.W.3d at 736.

 We conclude, under the circumstances presented, that appellant was without counsel
at a critical stage of the proceedings. To its credit, the State agrees.


Harm

 Except for certain federal constitutional errors deemed structural by the United States
Supreme Court, no error is categorically immune to a harmless error analysis. See Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997); Massingill, 8 S.W.3d at 737. Structural errors are those
constitutional violations that infect the conduct of a trial from beginning to end. See Arizona v.
Fulminante, 499 U.S. 279, 309-10 (1991). One example of a structural error is the total deprivation
of counsel at trial. Id. at 309. Not every partial denial of counsel is structural error and harmful. See
Massingill, 8 S.W.2d at 737 (citing Coleman v. Alabama, 399 U.S. 1, 10-12 (1970)). We conclude,
as this Court did in Massingill, that the denial of counsel in the instant case, limited to the time
period for preparing and presenting a motion for new trial, is not structural error. Rather, it is subject
to a harm analysis for constitutional error. 

 Sixth Amendment violations "are subject to the general rule that remedies should be
tailored to the injury suffered from the constitutional violation." United States v. Morrison, 44 U.S.
361, 364 (1981); Massingill, 8 S.W.3d at 738. We see no reason why the same rule is not applicable
to violations of article I, section 10 of the Texas Constitution regarding the right to counsel.

 Here, the deprivation of counsel constituting constitutional error has not at this point
been shown to have contributed to appellant's conviction or punishment and therefore reversal of
the judgment is not required. See Tex. R. App. P. 44.2(a); Prudhomme, 28 S.W.3d at 121. In
Hanson, 11 S.W.3d at 289, the delay in the appointment of appellate counsel was held harmless
despite the Sixth Amendment violation. The circumstances in Hanson, however, are easily
distinguishable from those in the instant case. We conclude, without reiterating the facts, that
appellant was harmed and is entitled to relief. The prosecution agrees. Appellant's first contention
is sustained. We do not reach the second contention. 


Conclusion

 Acting pursuant to our authority to remedy the constitutional violation shown by the
record, Prudhomme, 28 S.W.3d at 121; Massingill, 8 S.W.3d at 738, and in accordance with Rule
43.6 of the Texas Rules of Appellate Procedure, (3) we abate the appeal and remand the cause to the
trial court to the point where sentence was imposed and from which point a motion for new trial can
be filed by appointed counsel within the appellate timetables. This relief is in accordance with that
requested by appellant and the State.

 The timetable for the motion for new trial shall begin running anew from the date of
this opinion. If the trial court grants the motion for new trial, this record will be supplemented with
a copy of the trial court's order and this appeal will be dismissed. If the trial court overrules the
motion for new trial, the record will be supplemented with a copy of the trial court's order, the court
reporter's record of any hearing on such motion, and other matters pertaining to the procedure after
remand. The parties will be permitted to brief any issues properly raised. Cf. Massingill, 8 S.W.3d
at 739. In view of the delay occasioned, the trial court is instructed to expedite the procedure where
possible. Under any circumstances, the supplemented record shall be filed in this Court on or before
the 90th day after the date of this opinion.

 It is so ordered.



 __________________________________________

 John F. Onion, Jr., Justice

Before Justices Kidd, Yeakel and Onion *

Abated and Remanded

Filed: January 24, 2003

Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   A motion for new trial is to be filed within thirty days after the date the trial court imposes
or suspends sentence in open court. See Tex. R. App. P. 21.4(a). Both parties here agree that
sentence was imposed on appellant in open court on May 17, 2002. Thus, the pro se motion was not
timely filed.
2.   The grounds for a new trial set forth in Rule 21.3 of the Texas Rules of Appellate
Procedure are not exclusive. See Read v. State, 965 S.W.2d 74, 77 (Tex. App.--Austin 1998, no
pet.). Ineffective assistance of counsel may be raised in a motion for new trial. Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993). A motion for new trial need not establish a prima facie
case to entitle a defendant to a hearing. Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App.
1994).
3.   "The court of appeals may make any other appropriate order that the law and the nature of
the case may require." Tex. R. App. P. 43.6; see also Tex. R. App. P. 44.4. It should be made clear
that we are not acting under Rule 2. Tex. R. App. P. 2.