[COMMENT1] 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-025-CR

 

 

RUBEN JAMES EDWARDS, JR.,                                             APPELLANT

A/K/A
RUBEN JAMES EDWARDS

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  INTRODUCTION








A jury found Appellant Ruben
James Edwards, Jr. guilty of the felony offense of indecency with a child by
exposure and assessed his punishment at seven years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  The trial court
sentenced Edwards accordingly, and this appeal followed.  In a single issue, Edwards claims that his
trial counsel rendered ineffective assistance of counsel.  Based on the standard of review we are
required to apply, we will affirm.

                          II. 
FACTUAL AND PROCEDURAL BACKGROUND

About six weeks after Edwards
was arrested for the offense, Dr. Barry Norman determined that Edwards was not
competent to stand trial.  Edwards was
committed to North Texas State Hospital, and approximately four months later,
on April 23, 2007, his attending physician determined that he was competent to
stand trial. 

 On July 11, 2007, the trial court ordered
Edwards to undergo a sanity evaluation. 
Dr. Kelly Goodness, a clinical and forensic psychologist, prepared a
report that Edwards was sane at the time of the offense.  On July 30, 2007, Edwards=s defense counsel filed with the trial court a written motion
requesting that an expert be appointed to conduct a competency exam and
specifically requested that Dr. Goodness be appointed to examine Edwards again,
this time to determine whether he was competent to stand trial.  The record does not reflect whether the trial
court granted this motion.  Subsequently,
on August 21, 2007, defense counsel filed a notice of intent to raise an
insanity defense.  Defense counsel filed
a notice of expert witnesses on October 11, 2007 and listed Dr. Phillip Davis
and Dr. Barry Norman as expert witnesses.








Edwards=s trial
began on January 14, 2008.  Edwards=s defense counsel explained in her opening statement that

we
anticipate that we will bring you experts, without a doubt, that will tell you
that Mr. Edwards was insane October 25 of 2006.

 

. . .
.

 

And we anticipate that our experts will
unequivocally indicate to you that he was insane and we anticipate that our
expertCthat their expert, Dr. Goodness, did not have all the information she
needed to make the decision that she made that he was sane.

At trial, Dr. Goodness testified for the State, and Dr. Norman
testified for the defense.

In his sole issue on appeal, Edwards claims that defense counsel was
ineffective because despite her representations to the jurors that they would
hear unequivocal expert testimony that Edwards was insane at the time of the
offense, she thereafter presented two expert witnesses who testified that Anot only did they have no opinion on the issue, but that they had
never even been asked to determine whether Mr. Edwards was insane at that time
of the offense.@  Defense counsel=s failure in this regard, claims Edwards, cannot be interpreted as
reasonable trial strategy. 

                                     III.  STANDARD OF REVIEW








To establish ineffective assistance of counsel, appellant must show by
a preponderance of the evidence that his counsel=s representation fell below the standard of prevailing professional
norms and that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

                  IV.  RECORD IS INSUFFICIENT TO ESTABLISH INEFFECTIVENESS








The record before us contains
no motion for new trial.  Although a
motion for new trial is not a prerequisite to a successful ineffective
assistance of counsel claim, evidence presented at a motion for new trial
hearing may offer insight into defense counsel=s motives behind her actions and may rebut the strong presumption of
reasonable professional assistance.  See
Massingill v. State, 8 S.W.3d 733, 736 (Tex. App.CAustin 1999, pet. ref=d); see also Robinson v. State, 16 S.W.3d 808, 809B11 (Tex. Crim. App. 2000) (holding failure to file motion for new
trial does not procedurally prohibit appellate claim of ineffective assistance
of counsel).

Here, Edwards accurately
points out that despite defense counsel=s claim to the jury in her opening statement that she would present
expert testimony that Edwards was insane at the time of the offense, counsel
presented no such testimony.  The record
reflects, however, that Dr. Barry Norman was called as an expert witness by
defense counsel and testified that he had conducted a sanity examination of
Edwards in both 2003 and 2006 in connection with other charges against
Edwards.  Dr. Norman testified that on
both occasions he had determined that Edwards was not sane at the time of the
charged offenses.  Dr. Norman also
testified that Edwards had been diagnosed with Persian Gulf War Syndrome,
post-traumatic stress disorder, and either bipolar I disorder or
schizoaffective disorder bipolar type. 
He explained that when Edwards was psychotic he did not know right from
wrong, did not know what was going on around him, and had general difficulty
understanding things.  Dr. Norman
testified that he had personally observed Edwards in a psychotic episode on
more than one occasion.








Defense counsel offered, and
the trial court admitted, into evidence a judgment of acquittal in favor of
Edwards signed in September 2006; the acquittal was based on Dr. Norman=s evaluation that Edwards was not sane at the time of that
offense.  Defense counsel pointed out
during her examination of Dr. Norman that the present Aoffense is October, one month later almost to the date of that
judgment of acquittal.@

Defense counsel successfully
obtained the admission of defense exhibit number 4CEdwards=s records
from MHMR of Tarrant County.  And defense
counsel timely designated Dr. Davis as an expert witness.  During trial, while the jury was out, the
following exchange occurred:

[Defense
Counsel]: Dr. Davis is still in Lubbock. 
Carol brought me a message that Dr. Davis was still in Lubbock.

 

THE
COURT: We=re
not stopping.

 

[Defense
Counsel]: I told him that.

 

THE
COURT: Since he got cut loose yesterday and -- there=s a
nine o=clock
flight in Amarillo to DFW on two different airlines.

 

This is the Dr. Davis that was in Canyon, Texas,
yesterday?

 

[Defense Counsel]: Uh-huh.   

 

THE
COURT: And yesterday -- Is that yes?

 

[Defense Counsel]: Yes, ma=am.

 

THE
COURT: And yesterday the Court in Canyon said that he was cut loose, it was
probably two or three in the afternoon, we got the word that he was through. 








 

[Defense
Counsel]: About three something. 

 

THE
COURT: And let me just say, you know, being from Amarillo, there are many
flights from Amarillo to Dallas on at least two different airlines in the
evening and early evening. 

 

[Defense
Counsel]: Yes, ma=am. 

 

THE
COURT: So did you have him served with a subpoena in this case? 

 

[Defense
Counsel]: Judge, when I spoke with my office --

 

THE
COURT: Just yes or no.  Did you ever have
him served with a subpoena  B 

 

[Defense
Counsel]: No. 

 

THE
COURT:  -- in this case? 

 

[Defense
Counsel]: No. 

 

THE
COURT: Then I can be no help to you.  

 

Edwards testified that he was
a Awar vet,@ that he saw
Adeath threats,@ Apeople trying to kill@ him, and AFrankenstein
and vampires running around.@  In response to the prosecutor=s question of whether he liked to expose himself to people, Edwards
said, AI=m sad to say
I have nymphoic episodes.@  Defense counsel successfully obtained an
instruction in the court=s charge
that the jury could find Edwards not guilty of the present offense by reason of
insanity.








The court of criminal
appeals, in precedent binding on this court, has held that Atrial counsel should ordinarily be afforded an opportunity to explain
his actions before being denounced as ineffective.@  Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Rylander v. State, 101 S.W.3d
107, 111 (Tex. Crim. App. 2003)).  Absent
such an opportunity, an appellate court should not find deficient performance
unless the challenged conduct was Aso outrageous that no competent attorney would have engaged in it.@  Id. (quoting Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), cert. denied,
537 U.S. 1195, 123 S. Ct. 1351 (2003)).








Here, defense counsel was
unable to place expert testimony before the jury that Edwards was insane
at the time of the present offense.  Her
reasons for not issuing a subpoena for Dr. Davis are not apparent from the
record; the trial court did not let her explain.  But defense counsel did place evidence before
the jury that Edwards had been diagnosed with numerous, severe mental
illnesses, had been diagnosed as insane at the time of a previous offense that
occurred in 2005 only one month before the present offense, and had experienced
multiple psychotic episodes during which time he met the legal definition of
insanity.  And defense counsel
successfully obtained an instruction in the jury charge authorizing the jury to
find Edwards not guilty if they found that he was insane at the time of the
present offense.  Based on the record
before us, in light of the strong presumption of reasonable professional
assistance by defense counsel, and in the absence of any opportunity for
defense counsel to explain her motives concerning her words and conduct
involving the insanity defense, we cannot say that Edwards has met his burden
of showing by a preponderance of the evidence that his counsel=s representation fell below the standard of prevailing professional
norms.  See Thompson, 9 S.W.3d at
813; Randon v. State, 178 S.W.3d 95, 102B03 (Tex. App.CHouston [1st
Dist.] 2005, no pet.); see also Fox v. State, 175 S.W.3d 475, 487B88 (Tex. App.CTexarkana
2005, pet. ref=d) (holding
that nothing presented for review absent explanation as to why counsel did not
present expert testimony); Teixeira v. State, 89 S.W.3d 190, 194 (Tex.
App.CTexarkana 2002, pet. ref=d) (holding that there must be some showing in the record that expert
would have testified in a manner that would have benefitted defendant).  We overrule Edwards=s sole issue.

                                          V.  CONCLUSION

Having overruled Edwards=s sole issue on appeal, we affirm the trial court=s judgment.  

 

SUE WALKER

JUSTICE

 

PANEL: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

 

DELIVERED:
January 15, 2009

 











 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-025-CR

 

RUBEN JAMES EDWARDS, JR.                                              APPELLANT

A/K/A
RUBEN JAMES EDWARDS

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------

There is no defensive
strategy to explain a defense lawyer=s telling the jury that the defendant=s defense is insanity and then calling no expert in support of the
defense but, rather, calling a witness or witnesses to defeat the defense.  I, therefore, would affirm Appellant=s sole point, reverse the trial court=s judgment, and remand this case to the trial court for a new trial.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

PUBLISH

DELIVERED:
January 15, 2009













 [COMMENT1]

Majority opinion by Justice
Walker; Dissenting opinion by Justice Dauphinot