# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00450-CR

**Scott Lee Hale, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. B-02-0079-S, HONORABLE TOM GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Scott Lee Hale pleaded guilty to an indictment accusing him of sexually assaulting a child and true to the allegation that he had previously been convicted of a felony. Tex. Pen. Code Ann. ' 22.011(a)(2) (West Supp. 2003). The district court adjudged him guilty and assessed punishment at imprisonment for thirty years.

Appellant=s court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d

553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a pro se brief raising four points of error.

Appellant=s first pro se point of error is that the district court erroneously overruled his pretrial motion to suppress the written statement he gave to the police. At the suppression hearing, appellant testified that he gave the statement after being told by the officers that they would Ahelp me in any kind of way that they can.@ Appellant urges that he understood this to be a promise of leniency in this case. The two officers testified that they made no promises to appellant, that he was fully advised of his rights, and that his statement appeared to be freely and voluntarily given. The officers= testimony supports the court=s finding that appellant voluntarily gave his statement after knowingly waiving his rights.[1] Tex. Code Crim. Proc. Ann. art. 38.22, ' 2 (West 1979). Point of error one is overruled.

Appellant also contends his statement was inadmissible because it was not witnessed by a person other than a peace officer. That requirement only applies when the accused cannot write and the statement bears his mark in place of his signature. *Id*.' 1. Appellant=s signature appears on the statement. Point of error four is overruled.

Appellant further asserts that the two police officers committed perjury at the suppression hearing. Appellant=s assertion that the officers lied is not self-proving. There is nothing in the record before us to support the conclusion that the officers testified untruthfully. Point of error three is overruled.

Finally, appellant urges that the district court failed to timely appoint counsel to represent him on appeal, and that as a result he was without counsel during the time for filing a motion for new trial.

---

[1] We also note that the testimony at the hearing, including appellant=s testimony, would support the conclusion that appellant was not in custody when he made his statement.

*See Massingill v. State*, 8 S.W.3d 733, 737 (Tex. App.CAustin 1999, no pet.) (thirty-day period following sentencing is critical stage at which defendant must be provided counsel). The record reflects that appellant was represented by appointed counsel at trial. Sentence was imposed on June 5, 2002. No motion for new trial was filed. A notice of appeal signed only by appellant was filed July 1. Counsel for appeal was requested and appointed on July 8. These facts do not rebut the presumption that appellant was effectively represented by counsel at all times. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); *cf*. *Massingill*, 8 S.W.3d at 735-36. Point of error two is overruled.

We have reviewed the record and find nothing that might arguably support the appeal. Counsel=s motion to withdraw is granted and the judgment of conviction is affirmed.

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: February 6, 2003

Do Not Publish

3