Dismissed and Memorandum Opinion filed September 2, 2004









Dismissed and Memorandum Opinion filed September 2,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

 NO. 14-00-00811-CR 

NO. 14-00-00812-CR

____________

 

JAMES CLIVE BELCHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 56th District
Court

Galveston County County, Texas

Trial Court Cause Nos. 99CR0496
& 99CR0497

 



 

M E M O R A N D U M   O P I N I O N

After a jury trial, appellant was convicted of the offenses
of aggravated kidnapping and aggravated robbery.  On May 17, 2000, the trial court sentenced
appellant to concurrent thirty-year sentences. 









Appellant filed a motion for new trial
alleging, among other things, a juror was improperly permitted to be seated as
a member of the jury.  During the motion
for new trial hearing, the trial court expressed its concern regarding the
eligibility of the juror and discussed the deadline for ruling on appellant=s motion for new
trial.  The court=s calculation of
the deadline was erroneous, and the court ultimately signed an order granting a
new trial after the deadline had passed. 


If a motion for new trial is not ruled on
by written order within seventy-five days after imposing sentence, it is
overruled by operation of law.  Tex. R. App. P. 21.8(c).  Here, the final date for the trial court to
rule before the motion was automatically overruled was July 31, 2000.  The trial court signed an order granting
appellant a new trial on August 2, 2000. 
Because the trial court acted too late on appellant=s new trial
motion, the motion was overruled by operation of law. 

On appeal, appellant asserted that he was
denied effective assistance of counsel because counsel failed to correct the
trial court when it miscalculated the time period for ruling on appellant=s motion for new
trial.  By order filed November 27, 2002,
we concluded appellant was constructively denied the assistance of counsel at
the motion for new trial hearing.  We determined
that the appropriate remedy was to abate the appeals and remand the causes to
the trial court for a new hearing on appellant=s motion for new
trial.  See Massingill v. State, 8
S.W.3d 733, 738 (Tex. App.CAustin 1999, no
pet.) (abating appeal to permit hearing on appellant=s untimely motion
for new trial asserting reasonable grounds entitling appellant to hearing had
they been timely). 

Accordingly, on November 27, 2002, we
abated these appeals and remanded the causes to the trial court for a new
hearing on appellant=s motion for new trial.  The State moved for en banc rehearing of this
court=s order, which was
denied.  The State then filed a petition
for discretionary review with the Court of Criminal Appeals.  This court=s records were
then forwarded to the Court of Criminal Appeals for review of the petition.  On May 12, 2004, the Court of Criminal
Appeals dismissed the State=s petition.  On June 16, 2004, the Court of Criminal
Appeals returned this court=s records.  Accordingly, on July 15, 2004, we directed
the trial court to proceed with the hearing as ordered on November 27,
2002.  








The hearing was set for August 9, 2004, and the trial
court signed an order granting new trials in both causes on August 23, 2004.  Granting a new trial restores a case to its
position before the former trial.  Tex. R. App. P. 21.9; State v. Bates,
889 S.W.2d 306, 310 (Tex. Crim. App. 1994). 
Thus, there are no sentences to be appealed, rendering the appeals
moot. 

Accordingly, the appeals are ordered
dismissed for want of jurisdiction.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed September 2, 2004.

Panel consists
of Chief Justice Hedges and Justices Anderson and Frost.

Do Not Publish C Tex. R.
App. P. 47.2(b).