ACCEPTED
03-13-00760-CR
3596204
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/29/2014 8:37:16 AM
JEFFREY D. KYLE
CLERK

**No. 03-13-00760-CR**
**T.C. No. D-1-DC-13-300630**

**IN THE COURT OF APPEALS FOR THE**
**THIRD COURT OF APPEALS DISTRICT,**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/29/2014 8:37:16 AM
JEFFREY D. KYLE
Clerk

**JAMES BROWN, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**Appealed from the District Court of Travis County, Texas**
**The 331st Judicial District**

**MOTION TO ABATE APPEAL AND REMAND FOR HEARING ON**
**MOTION FOR NEW TRIAL AND FOR PERMISSION TO FILE OUT OF**
**TIME MOTION FOR NEW TRIAL**

To the Court of Appeals, Third Judicial District:

Now comes JAMES BROWN, Appellant, by and through his attorney of record in the above entitled and numbered cause, and files this Motion to Abate Appeal and Remand for Hearing on Motion for New Trial and For Permission to File Out of Time Motion for New Trial, and would show the following:

I.

In the 331st District Court of Travis County, Texas in Cause No. D-1-DC-13-300630, the Appellant was convicted of the offense of Retaliation under Texas Penal Code 36.06(a)(1)(a) and sentenced to fifteen years in prison on October 23, 2013 by presiding judge David Crain.

II.

On October 31, 2013 trial counsel filed a Motion for New Trial. (CR p. 59). On November 1, 2013 Mr. Brown filed his written pro se Motion for New Trial. (CR

p. 61). On November 8, 2014 Mr. Brown filed his written pro se <u>Motion to Appeal</u>. (CR p. 71). In Mr. Brown's <u>Motion for New Trial</u> and <u>Motion to Appeal</u> he indicated that he had been provided ineffective assistance. (CR pgs. 65, 73). Thereafter, Mr. Brown filed his written pro se <u>Motion for Appointment of Counsel on Appeal</u>. (CR p. 77). Unfortunately, the trial judge suffered a stroke during the Thanksgiving holiday and was out of the office the remainder of the year. The Honorable Judge David Crain's letter is attached hereto and incorporated herein as Exhibit A. Once the trial judge returned to the bench, Mr. Brown was bench warranted back to Travis County on the motion for new trial.  On January 8, 2014 Mr. Brown was brought to court. However, he did not have a hearing because he was unwilling to participate with trial counsel as his attorney. On February 5, 2014 Mr. Brown filed his written pro se <u>Amended Appellant's Brief</u> where he reasserts his claim of ineffective assistance of counsel. (CR pgs. 120-130). On April 4, 2014 trial counsel files a <u>Motion to Withdraw</u>. (Supp CR p. 3). Said motion was granted by the trial court. (Supp CR p. 4). A copy of Mr. Brown's <u>Motion for New Trial</u> and <u>Motion for Appeal</u> is attached hereto and incorporated herein as Exhibit B.

III.

Once the trial judge renders sentence, a defendant has thirty days to file a motion for new trial. *Tex.R.App.P.* 21.4(a). The Court of Criminal Appeals has determined that this time period "is a critical stage of the proceedings." *Cooks v. State*, 240 S.W.3d 906, 911 (Tex.Cr.App. 2007). The Court of Criminal Appeals has also determined that "a defendant has a constitutional right to counsel during that period." *Id.* A hearing on the motion for new trial must occur within seventy-five days or it is overruled by operation of law. *Tex.R.App.P.* 21.8(c).

Appellant was represented by trial counsel during the entire thirty-day period for filing a motion for new trial. However, he was unwilling to continue to be represented by trial counsel. Mr. Brown made three separate written allegations of ineffective assistance of counsel in three separate pro se motions, i.e. his <u>Motion for New Trial</u>, <u>Motion to Appeal</u>, and <u>Amended Appellant's Brief</u>. (CR pgs. 65, 73, and 120-130). Mr. Brown's <u>Motion for New Trial</u> and <u>Motion to Appeal</u> alleging ineffective assistance of counsel were both filed during this critical thirty-day time period. Appellant counsel was not appointed until after both the thirty day time period and the seventy-five day time period in which to have a hearing on a <u>Motion for New Trial</u> had expired. Thus, clearly Mr. Brown was deprived of counsel during this critical stage. Moreover, trial counsel did not file a <u>Motion to Withdraw</u> until April 4, 2014.

## IV.

A new trial may also be garnered through discovery of new evidence. A party who seeks a new trial on the ground of newly discovered evidence must show that (1) the evidence has come to the party's knowledge since the trial; (2) the evidence was not discovered earlier because of a lack of due diligence; (3) the evidence is not cumulative; and (4) the evidence is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983). As to newly discovered evidence, "the issue is whether the trial court's refusal of a new trial involves the violation of a clear legal right or a manifest abuse of judicial discretion." *Id.* at 809.

Mr. Brown consider's Judge Crain's letter new evidence. The letter, attached hereto and incorporated herein as Exhibit A, points out that had a Motion for New Trial hearing taken place, it is likely the trial judge would have <u>significantly</u> reduced his sentence from 15 years in the Texas Department of Correction.

## V.

"Deprivation of counsel is subject to a harmless error or prejudice analysis." *Cook* at 911. To show harm, there must be "facially plausible claims" that could have been presented in a motion for new trial. *Id* at 912. Also see *Massingill v. State*, 8 S.W.3d 733 (Tex.App.-Austin 1999, pet. ref'd).

In the instant case, the issue in a motion for new trial will be sufficiency of evidence and ineffective assistance of counsel during the trial. Trial counsel did not file pretrial motions nor did he call a key witness who witnessed firsthand the language which is the subject of this indictment. Moreover, trial counsel did not subpoena the individual responsible for generating the video entered into evidence at trial. These witnesses will include Valerie Brown and ___ Flores. Valerie Brown is defendant's mother who was present when the complained of language in the indictment was uttered. Ms. Brown will testify that Mr. Brown was upset at having his parental rights to his 3 year old daughter terminated just moments before, that he was planning to file a lawsuit because he felt his rights were being violated and that he never threatened anyone, but was simply "grieving." ___ Flores will testify that there is possibly additional video evidence over and above the two "snippets" of video information entered as evidence in the trial before the court.

## VI.

As to newly discovered evidence, "the issue is whether the trial court's refusal of a new trial involves the violation of a clear legal right or a manifest abuse of judicial discretion." *Jackson*, 660 S.W.2d at 809.

The out of time motion for new trial will allow the trial judge to reduce Mr. Brown's sentence from 15 years in the Texas Department of Correction to 3 years in the Texas Department of Correction. *See* attached Exhibit A.

## VII.

This issues of sufficiency of evidence and ineffective assistance of counsel provide reasonable grounds for a motion for new trial. Moreover, the newly discovered evidence evident in the affidavit of the trial judge also provides reasonable grounds for a Motion for New Trial. In addition to providing information to the trial judge, the Motion for New Trial is necessary to advance these additional facts for purposes of presenting the issue on appeal. Thus, Mr. Brown was clearly prejudiced by the lack of counsel during the critical stage for filing a motion for new trial.

Wherefore, premises considered, Appellant requests that the Court abate the appeal and remand the case for hearing on a Motion for New Trial and requests permission to file the Motion for New Trial outside of the time limitations.

Respectfully submitted,

Bernard & Associates
1203 Baylor Street
Austin, Texas 78703
Tel: 512/ 478-5291
Fax: 512/ 478-9827


By: /s/Tanisa Jeffers_____
Brian Bernard, State Bar No. 24001728
Tanisa Jeffers, State Bar No. 24006153

Attorneys for JAMES BROWN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion to Abate Appeal and Remand for Hearing on a Motion for New Trial and for Permission to File an Out of Time Motion for New Trial* was mailed, hand delivered, faxed or efiled to the Travis County District Attorney's Office at 509 W. 11th St., 2nd Floor, Austin, Texas 78701, on this the 24 day of December, 2014.


/s/Tanisa Jeffers_____
Brian Bernard
Tanisa Jeffers

## Exhibit A



**DAVID CRAIN**
JUDGE
331ST DISTRICT COURT

P.O. BOX 1748
AUSTIN, TEXAS 78745
OFFICE: 512-854-9443
FAX: 512-854-9140

December 22, 2014

Dear Sir/Madam,

A Trial Before the Court was held in the 331st District Court on October 23, 2013. At punishment Appellant James Brown became upset and had an outburst where he had to be removed from the courtroom. Sentencing continued without him, resulting in a sentence of 15 years in the Texas Department of Corrections.

Appellant filed a Motion for New Trial on October 31, 2013. Trial counsel filed a Motion for New Trial on November 1, 2013. Mr. Brown was set to come back to court on January 14, 2014. Mr. Brown refused to enter the courtroom. Thereafter, the Motion for New Trial expired by operation of law.

The Court fully intended to reduce the sentence significantly but Mr. Brown refused to participate.

Respectfully,

Judge David Crain

**Exhibit B**

CAUSE NO. DIDC 13-300630

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| V. | 331st JUDICIAL DISTRICT |
| JAMES A. BROWN | TRAVIS COUNTY, TEXAS |

MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now JAMES, A. BROWN , Defendant in the above entitled

and numbered cause and filed this, his Motion for New Trial and in support of

said motion would show the Court the following:

I.

THE INDICTMENT FAILS TO ALLEGE AN OFFENSE WITH THE DEGREE OF CERTAINTY THAT WOULD GIVE THE DEFENDANT NOTICE OF THIS PARTICULAR OFFENSE WITH WHICH HE IS CHARGED, FAILS TO INFORM THE DEFENDANT OF THE NATURE AND CAUSE OF THE ACCUSATION AGAINST HIM, AND FAILS TO STATE FACTS SUFFICIENT TO ENSURE A BAR TO A SUBSEQUENT PROSECUTION FOR THE SAME OFFENSE.

II.

THE INDICTMENT FAILS TO ALLEGE ALL THE ESSENTIAL ACTS OR OMISSIONS NESSARY NECESSARY TO CONSTITUTE THE CRIME NAMED; FAILS TO ALLEGE EVERYTHING WHICH IS NES NECESSARY TO BE PROVED, AND FAILS TO ALLEGE THE CULPABLE MENTAL STATE REQUIRED FOR THE NAMED OFFENSE

Filed In The District Court
of Travis County, Texas

NOV 01 2013

At_____M.
Amelia Rodriguez-Mendoza, Clerk

Motion for New Trial

### III.

The indictment fails to follow the statutory language, fails to set forth the alleged offense in plain and intelligible words, and fails to allege the offense with such certainty that would allow the defendant to plead this prosecution in bar.

### IV.

While the indictment does track the language of the statute, the term [THREATEN) *specify*] is not completely descriptive of the offense and the allegation fails to give the Defendant precise notice of the offense with which he is charged so as to enable him to adequately prepare his defense and is insufficient to bar subsequent prosecution.

### V.

The allegations of the indictment as to the Defendant's acts or omissions are insufficient to put the Defendant upon notice of what type of *specify*] the State will rely on to prove its accusation since the term *specify*] is defined in the statute as _____ and _____ *etc. specify*]. It is therefore impossible for the Defendant to know against what proof he must prepare his defense, and it will not allow the Defendant to plead this prosecution in bar.

### VI.

The indictment fails to identify by name, kind, number, and ownership the property alleged in the indictment. It is therefore impossible for the Defendant to know against what proof he must prepare his defense, and it will not allow the Defendant to plead this prosecution in bar.

### VII.

The indictment fails to allege the manner and means utilized in the commission of the offense, and therefore fails to give the defendant precise notice of the offense charged so as to enable him to adequately prepare his defense and is insufficient to bar subsequent prosecution.

### VIII.

The indictment is duplicitous in that it joins two or more separate offenses in the same count, to-wit: _____ *specify*].

MOTION FOR NEW TRIAL

62

FAIL TO DISCLOSE A FACT TO A TRIBUNAL WHEN DISCLOSURE IS NECESSARY TO AVOID ASSISTING A CRIMINAL OR FRAUDULENT ACT; FAIL TO DISCLOSE AUTHORITY IN THE CONTROLLING JURISDICTION THAT IS KNOWN TO THE LAWYER TO BE DIRECTLY ADVERSE TO THE POSITION OF THE CLIENT AND NOT DISCLOSED BY OPPOSING COUNSEL; OFFERED EVIDENCE THAT THE LAWYER KNOWS TO BE FALSE. COUNSEL INTENTIONALLY AND HABITUALLY VIOLATED AN ESTABLISHED RULE OF PROCEDURE OR OF EVIDENCE, COUNSEL DID THREATEN WITNESS WITH PSYCHIATRIC EVALUATION, DID USE ALTERED EVIDENCE THAT A COMPETENT ATTORNEY WOULD BELIEVE HAS POTENTIAL OR ACTUAL EVIDENTIARY VALUE, DID NOT FILE MOTIONS, DID NOT SUBPOENA VIDEO SURVEILLANCE PERSONNEL TO VERIFY THE VALIDITY OF THE VIDEO, AND USED COERSION.

## XIII.

CONFLICT OF INTEREST, THE PROSECUTING DISTRICT ATTORNEY MADE KNOWN IN THE TRIBUNAL HE AND MY ACCUSER JANNICE JOSEPH KNOW AND WORK TOGETHER AS DISTRICT ATTORNEY'S, THIS SAME PROSCUTING DISTRICT ATTORNEY IS HANDLING MY EVIDENCE, PROSECUTION, AND ASKING FOR PUNISHMENT, THIS DISTRICT ATTORNEY UNLAWFULLY OBSTRUCTED ANOTHER PARTY'S ACCESS TO EVIDENCE BY UNLAWFULLY ALTERING, AND WITH HOLDING POTENTIAL OR ACTUAL EVIDENTIARY VALUED EVIDENCE; ONLY PARTIAL OF A VIDEO FOOTAGE THAT LAPSE IN TIME NEARLY A WHOLE MINUTE; HE OFFERED AND KNOWINGLY USED THIS EVIDENCE KNOWING IT TO BE FALSE AND ALTERED, NOT BEING TRUE AND CORRECT EVENTS WHICH IS PREJUDICE, THIS ACT IS IN VIOLATION [STATE BAR RULES, ART. 10 § 9, RULE 3.04(A)]

## IX.

THE FAILURE OF THE COURT'S CHARGE TO APPLY THE LAW TO THE FACTS DENIES "THE FAIR AND IMPARTIAL TRIAL TO WHICH (DEFENDANT) JAMES A. BROWN IS ENTITLED UNDER THE FEDERAL AND STATE CONSTITUTION; THAT IS, UNDER THE DUE PROCESS PROVISIONS OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DUE COURSE OF LAW PROVISION IN ARTICLE 1, SECTION 19 OF THE TEXAS CONSTITUTION. HARRIS V. STATE, 522 S.W.2d 199, 202 (TEX. CI. APP. 1975). ROBINSON V. STATE, SUPRA. PEREZ V. STATE, 537 S.W.2d 455 (TEX. CR. APP. 1976). THE RETALIATION INDICTMENT OMITS THE ESSENTIAL ELEMENT OF HARM AND ADDS AN ABSTRACT TERM TO-WIT: ASSAULT AND AGGRAVATED ASSAULT IN A MATTER OF FACT; THE INDICTMENT WAS THE CHARGING INSTRUMENT. SECOND, THE FAILURE OF THE CHARGE TO APPLY THE LAW TO FACTS "IMPAIRS THE RIGHT TO TRIAL BY JURY, WHICH TERMS ARE AND, THEREFORE, BY DEFINITION IS CALCULATED TO INSURE THE RIGHT OF DEFENDANT JAMES A. BROWN," (V.A.C.C.P, ARTICLE 36.19) TO A TRIAL BY JURY, WHICH RIGHTS ARE GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10, OF THE TEXAS CONSTITUTION. WILLIAMS V. STATE, 547 S.W.2d 18, 20 (TEX. CR. APP. 1977). TEW V. STATE, SUPRA; EX PARTE ROBERTS, 522 S.W.2d 461 TEX. CR. APP. 1975). BY THE OMISSION OF THE ELEMENT OF HARM IN THE RETALIATION INDICTMENT AND THE ABSTRACT TERM ASSAULT AND AGGRAVATED ASSAULT IS FUNDAMENTAL ERROR. ON SEP. 04, 2013 FILED MOTION TO QUASH INDICTMENT ON THESE ERRORS; ON OCT. 09, 2013 FILED MOTION TO QUASH INDICTMENT ON THESE ERRORS; MOTIONS UNANSWERED.

## X.

THE INDICTMENT IS REPUGNANT IN THAT IN THE SAME COUNT IN THE INDICTMENT IT CONTAINS ALLEGATIONS INCONSISTANT WITH EACH OTHER, BOTH OF WHICH CAN NOT BE TRUE, TO-WIT: THREATEN, ASSAULT, AND AGGRAVATED ASSAULT

# XI.

UNDER THE CODE OF CRIMINAL PROCEDURE CHAPTER 36.11 DISCHARGE BEFORE VERDICT. IF IT APPEARS DURING TRIAL THAT THE COURT HAS NO JURISDICTION OF THE OFFENSE, OR THAT THE FACTS CHARGED IN THE INDICTMENT DO NOT CONSTITUTE AN OFFENSE, THE JURY SHALL BE DISCHARGED. THE ACCUSED SHALL ALSO BE DISCHARGED, BUT SUCH DISCHARGE SHALL BE NO BAR IN ANY CASE TO A PROSECUTION BEFORE THE PROPER COURT FOR ANY OFFENSE UNLESS TERMINATION OF THE FORMER PROSECUTION WAS IMPROPER. THE FACTS CHARGED IN THE RETALIATION INDICTMENT DO NOT CONSTITUTE THE OFFENSE OF RETALIATION. ASSAULT SEC. 22.01 PENAL CODE STATES IF A PERSON INTENTIONALLY OR KNOWINGLY THREATENS ANOTHER WITH IMMINENT BODILY INJURY, AGGRAVATED ASSAULT SEC. 22.02 STATES IF THE PERSON COMMITS ASSAULT AS DEFINED IN 22.01, AND THE PERSON (1) CAUSES SERIOUS BODILY INJURY, (2) USES OR EXHIBITS A DEADLY WEAPON DURING THE COMMISSION OF THE ASSAULT. WHICH THIS TERM CAN NOT BE A MATTER OF FACT AND USED TO INCLUDE THE OMITTED ELEMENT OF HARM, A MATTER OF LAW, IT DOES NOT CONSTITUTE THE RETALIATION OFFENSE.

# XII.

INSUFFICIENT COUNSEL; COUNSEL HAS FAILED TO FILE THE APPROPRIATE AND REQUESTED PRE-TRIAL MOTIONS USE NECESSARY TO THE ADEQUATE AND REASONABLE DEFENSE TO THE CHARGE AGAINST JAMES A. BROWN HEREIN. ATTORNEY KNOWINGLY USED UNTRUSTWORTHY EVIDENCE HE KNOWS TO BE FALSE [STATE BAR RULES, ART. 10 B, RULE 3.03 (A)(5)] WHEN COUNSEL REFUSE. COUNSEL DID SEEK INFLUENCE TO INFLUENCE A TRIBUNAL CONCERNING THE PENDING CASE BY MEANS PROHIBITED BY LAW AND APPLICABLE RULES OF PRACTICE AND PROCEDURE. COUNSEL KNOWINGLY: FAIL TO DISCLOSE A FACT TO A TRIBUNAL CONSIDERING AN EX PARTE PROCEEDING AN UNPRIVILEGED FACT THAT THE ATTORNEY REASONABLY BELIEVS SHOULD BE KNOWN BY THE TRIBUNAL FOR IT TO MAKE AN INFORMED DECISION

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court vacate and set aside the verdict and judgement of conviction rendered against Defendant at a former day and time of this term and that Defendant be granted a new trial in this cause.

Respectfully submitted,

_____

Attorney for Defendant

Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2 9 day of OCTOBER, 2013 , a true and correct copy of the above and foregoing Motion for New Trial was transmitted to the office of the Travis County District Attorney, Criminal Justice Center, P.O. Box 1748, Austin, Texas, 78767.

Defendant

Motion for New Trial

2

**Exhibit B (continued)**

CAUSE NO. D1DC13300630

THE STATE OF TEXAS

V.

JAMES A. BROWN

IN THE DISTRICT COURT

331st JUDICIAL DISTRICT

TRAVIS COUNTY, TEXAS

ORDER

On this the _____ day of _____, _____, came on to be heard

Motion for New Trial and said motion is hereby

( ) GRANTED        ( ) DENIED

Signed this the _____, day of _____, _____.

_____
Judge Presiding

Motion for New Trial

3

**Exhibit B (continued)**

COURT OF APPEALS OF TEXAS, __3rd___ DISTRICT
AUSTIN
CAUSE NO. #D1DC1300630

JAMES A. BROWN (TRAVIS CO. NO. 13-14333)
APPELLANT

- VS -

THE STATE OF TEXAS
APPELLE

_____

MOTION TO APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now JAMES A. BROWN, DEFENDANT IN THE ABOVE ENTITLED AND NUMBERED CAUSE BY AND THROUGH THIS MOTION TO APPEAL, THE DISTRICT COURT 331st JUDICIAL DISTRICT TRAVIS COUNTY, TEXAS AND SET ASIDE THE INDICTMENT AND THE GUILTY VERDICT UNDER AUTHORITY OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES; ARTICLE I, SECTIONS 10 AND 19 OF THE TEXAS CONSTITUTION; AND CHAPTER 21 OF THE TEXAS CODE OF CRIMINAL PROCEDURE, FOR THE FOLLOWING REASONS ON GROUNDS OF APPEAL:

Filed In The District Court
of Travis County, Texas

NOV 0 8 2013

At_____11:55____M.
Amalia Rodriguez-Mendoza, Clerk

PAGE 1

# I.

THE FAILURE OF THE COURT'S CHARGE TO APPLY THE LAW TO THE FACTS DENIES "THE FAIR AND IMPARTIAL TRIAL TO WHICH (DEFENDANT) JAMES A. BROWN IS ENTITLED UNDER THE FEDERAL AND STATE CONSTITUTION, THAT IS, UNDER THE DUE PROCESS PROVISION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DUE COURSE OF LAW PROVISION IN ARTICLE 1, SECTION 19 OF THE TEXAS CONSTITUTION. THE INDICTMENT OMITS THE ESSENTIAL ELEMENT OF HARM AND ADDS AN ABSTRACT TERM TO-WIT: ASSAULT AND AGGRAVATED ASSAULT IN ANOTHER ELEMENT; THE INDICTMENT WAS THE CHARGING INSTRUMENT. SECOND, THE FAILURE OF THE CHARGE TO APPLY THE LAW TO FACTS "IMPAIRS THE RIGHT TO TRIAL BY JURY AND, THEREFORE, BY DEFINITION IS CALCULATED TO INJURE THE RIGHTS OF DEFENDANT JAMES A. BROWN," (V.A.C.C.P ARTICLE 36.19) TO A TRIAL BY JURY, WHICH RIGHTS ARE GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE TEXAS CONSTITUTION. BY THE OMISSION OF THE ELEMENT OF HARM IN THE RETALIATION INDICTMENT AND THE ABSTRACT TERM ASSAULT AND AGGRAVATED ASSAULT, SEC. 22.01 AND 22.02 OF THE PENAL CODE; IS FUNDAMENTAL ERROR. ON SEP. 04, 2013 I FILED A MOTION TO QUASH INDICTMENT FOR THESE ERRORS, ON OCT. 09, 2013 I FILED ANOTHER MOTION TO QUASH INDICTMENT ON THESE SAME ERRORS, TO PREPARE FOR TRIAL BY JURY, TO NO AVAIL.

# II.

RECORD WILL SHOW THE PROSECUTING DISTRICT ATTORNEY KNOWS AND WORK TOGETHER, WITH MY ACCUSER, ASSISTANT DISTRICT ATTORNEY JANNICE JOSEPH; THIS SAME PROSECUTING DISTRICT ATTORNEY HANDLED MY EVIDENCE, PROSECUTION, AND ASKING FOR PUNISHMENT IN THE 331st TRIAL COURT THE PROSECUTOR UNLAWFULLY OBSTRUCTED ANOTHER PARTY'S ACCESS TO EVIDENCE BY UNLAWFULLY ALTERING, DESTROYING, OR CONCEALED A ITEM THAT HAD POTENTIAL OR ACTUAL EVIDENTIARY VALUE; VIDEO DOES NOT SHOW TRUE AND CORRECT EVENTS AND LAPSE IN TIME AND DELETED PARTIAL OF THE VIDEO. THE DISTRICT ATTORNEY KNOWINGLY OFFERED EVIDENCE THE HE KNEW TO BE FALSE. CONFLICT OF INTEREST

PAGE 2

## III.

IN VIOLATION OF TITLE 1. CODE OF CRIMINAL PROCEDURE CHAPTER 36.11 DISCHARGE BEFORE VERDICT. IF IT APPEARS DURING A TRIAL THAT THE COURT HAS NO JURISDICTION OF THE OFFENSE, OR THAT THE FACTS CHARGED IN THE INDICTMENT DO NOT CONSTITUTE AN OFFENSE, THE JURY SHALL BE DISCHARGED. THE ACCUSED SHALL ALSO BE DISCHARGED, BUT SUCH DISCHARGE SHALL BE NO BAR IN ANY CASE TO A PROSECUTION BEFORE THE PROPER COURT FOR ANY OFFENSE UNLESS TERMINATION OF THE FORMER PROSECUTION WAS IMPROPER. THE FACTS CHARGED IN THE RETALIATION INDICTMENT DO NOT CONSTITUTE THE OFFENSE OF RETALIATION SEC. 36.06, BY ABSTRACT TERM ASSAULT, SEC. 22.01 AND AGGRAVATED ASSAULT, SEC. 22.02 IN THE PENAL CODE, NOR BY THE OMISSION OF AN ESSENTIAL ELEMENT.

## IV.

INSUFFICIENT COUNSEL; COUNSEL HAS FAILED TO FILE THE APPROPRIATE AND REQUESTED PRE-TRIAL MOTIONS NECESSARY TO THE ADEQUATE AND REASONABLE DEFENSE TO THE CHARGE PENDING AGAINST JAMES A. BROWN AT THE TIME AND DATE. I ASKED FOR WITNESSES AND EXPERT WITNESSES (MY MOTHER "VALERIE BROWN" WHOM WAS THERE AT THE TIME AND DATE OF THE ACCUSATION) AND "VIDEO SURVEILLANCE PERSONNEL" WHOM WOULD VERIFY THE VALIDITY OF THE VIDEO AND TO VERIFY THAT EVIDENCE WAS NOT BEING WITHHELD, THE FOOTAGE DOES NOT SHOW TRUE AND CORRECT EVENTS AND LAPSE IN TIME. I WENT TO TRIAL BY JUDGE WITH INEFFECTIVE ASSISTANCE OF COUNSEL AND WAS DENIED MY 2NDC CONSTITUTIONAL RIGHTS. DEFENDANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW PURSUANT TO THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, AND ARTICLE I, SECTION 10, 19, AND 29 OF THE TEXAS CONSTITUTION AND ARTICLE 1.05 OF THE TEXAS CODE OF CRIMINAL PROCEDURE. ON JULY 12, 2013 I FILED A MOTION TO SUPPRESS EVIDENCE, IT WAS UNANSWERED. MY ATTORNEY FAILED TO DISCLOSE A FACT TO A TRIBUNAL WHEN DISCLOSURE IS LESS NECESSARY TO AVOID ASSISTING A CRIMINAL OR FRAUDULENT ACT, BY NOT MENTIONING THE FUNDAMENTAL ERROR OF THE OMISSION OF HARM.

PAGE 3

## V.

THE INDICTMENT FAILS TO ALLEGE AN OFFENSE WITH THE DEGREE OF CERTAINTY THAT WOULD GIVE THE DEFENDANT NOTICE OF THIS PARTICULAR OFFENSE WITH WHICH HE IS CHARGED, FAILS TO INFORM THE DEFENDANT OF THE NATURE AND CAUSE OF THE ACCUSATION AGAINST HIM, AND FAILS TO STATE FACTS SUFFICIENT TO ENSURE A BAR TO A SUBSEQUENT PROSECUTION FOR THE SAME OFFENSE.

## VI.

THE INDICTMENT FAILS TO ALLEGE ALL THE ESSENTIAL ACTS OR OMISSIONS NECESSARY TO CONSTITUTE THE CRIME NAMED; FAILS TO ALLEGE EVERYTHING WHICH IS NECESSARY TO BE PROVED; AND FAILS TO ALLEGE THE CULPABLE MENTAL STATE REQUIRED FOR THE NAMED OFFENSE.

## VII.

THE INDICTMENT FAILS TO FOLLOW THE STATUTORY LANGUAGE, FAILS TO SET FORTH THE ALLEGED OFFENSE IN PLAIN AND INTELLIGIBLE WORDS, AND FAILS TO ALLEGE THE OFFENSE WITH SUCH CERTAINTY THAT WOULD ALLOW THE DEFENDANT TO PLEAD THIS PROSECUTION IN BAR.

## VIII.

WHILE THE INDICTMENT DOES TRACK THE LANGUAGE OF THE STATUTE, THE TERM THREATEN, ASSAULT, AND AGGRAVATED ASSAULT IS NOT COMPLETELY DESCRIPTIVE OF THE OFFENSE AND THE ALLEGATION FAILS TO GIVE THE DEFENDANT PRECISE NOTICE OF THE OFFENSE WITH WHICH HE IS CHARGED SO AS TO ENABLE HIM TO ADEQUATELY PREPARE HIS DEFENSE AND IS INSUFFICIENT TO BAR SUBSEQUENT PROSECUTION.

## IX.

THE ALLEGATIONS OF THE INDICTMENT AS TO THE DEFENDANT'S ACTS OR OMISSIONS ARE INSUFFICIENT TO PUT THE DEFENDANT UPON NOTICE OF WHAT TYPE OF ASSAULT AND AGGRAVATED ASSAULT THE STATE RELIED ON TO PROVE ITS ACCUSATION SINCE THE TERM ASSAULT AND AGGRAVATED ASSAULT IS DEFINED IN THE STATUTE AS SEC. 22.01 IF THE PERSON INTENTIONALLY OR KNOWINGLY THREATENS ANOTHER WITH IMMINENT BODILY INJURY AND SEC. 2202 AND THE PERSON (1.) CAUSES SERIOUS BODILY INJURY (2.) USES OR EXHIBITS A DEADLY WEAPON DURING THE COMMISSION OF THE ASSAULT, IT IS THEREFORE IMPOSSIBLE FOR THE DEFENDANT TO KNOW AGAINST WHAT PROOF HE MUST PREPARE HIS DEFENSE, AND IT WILL NOT ALLOW THE DEFENDANT TO PLEAD THIS PROSECUTION IN BAR.

## X.

THE INDICTMENT FAILS TO IDENTIFY BY NAME, KIND, NUMBER, AND OWNERSHIP THE PROPERTY ALLEGED IN THE INDICTMENT, IT IS THEREFORE IMPOSSIBLE FOR THE DEFENDANT TO KNOW AGAINST WHAT PROOF HE MUST PREPARE HIS DEFENSE, AND IT WILL NOT ALLOW THE DEFENDANT TO PLEAD THIS PROSECUTION IN BAR.

## XI.

THE INDICTMENT FAILS TO ALLEGE THE MANNER AND MEANS UTILIZED IN THE COMMISSION OF THE OFFENSE, AND THEREFORE FAILS TO GIVE THE DEFENDANT PRECISE NOTICE OF THE OFFENSE CHARGED SO AS TO ENABLE HIM TO ADEQUATELY PREPARE HIS DEFENSE AND IS INSUFFICIENT TO BAR SUBSEQUENT PROSECUTION.

# XII.

THE INDICTMENT IS DUPLICITOUS IN THAT IT JOINS TWO OR MORE SEPARATE OFFENSES IN THE SAME COUNT, TO-WIT: RETALIATION, ASSAULT AND AGGRAVATED ASSAULT

# XIII.

THE INDICTMENT IS REPUGNANT IN THAT IN THE SAME COUNT IN THE INDICTMENT IT CONTAINS ALLEGATIONS INCONSISTENT WITH EACH OTHER, BOTH OF WHICH CAN NOT BE TRUE, TO-WIT: RETALIATION, ASSAULT, AND AGGRAVATED ASSAULT

OCTOBER 28, 2013

RESPECTFULLY SUBMITTED,
~Gerald A Brown~

ON THIS _____ DAY OF _____, _____, CAME ON TO BE HEARD APPELLANT MOTION TO APPEAL AND SAID MOTION IS HERE BY

( ) GRANTED          ( ) DENIED

SIGNED THIS _____ DAY OF _____, _____.

_____
JUDGE PRESIDING

PAGE 6