**Order filed April 23, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00083-CR

_____

## DUSTIN JAMES BEAL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause No. 2480**

## O R D E R

On April 9, 2015, court-appointed counsel for Dustin James Beal, Appellant, filed a notice of appeal in this case. The next day, the trial court permitted the attorney to withdraw as Appellant's counsel because the attorney was "not an approved indigent defense counsel for appellate matters in Coleman County." The trial court did not, however, appoint an attorney to represent Appellant on appeal but, instead, directed that all notices shall be sent to Appellant at the jail in Ballinger.

Appellant has now filed in this court a pro se request for a copy of the record. In his request, Appellant expresses a desire to have an attorney review the record. We abate the appeal.

The documents on file in this case reflect that Appellant's sentence was imposed on April 7, 2015, and that court-appointed trial counsel was permitted to withdraw on April 10 after filing a notice of appeal on behalf of Appellant. The thirty-day period following sentencing—the time in which to file a motion for new trial or a notice of appeal—is a critical stage of the proceedings during which an indigent defendant has a constitutional right to counsel. *Cooks v. State*, 240 S.W.3d 906, 910–11 (Tex. Crim. App. 2007); *Massingill v. State*, 8 S.W.3d 733, 736–37 (Tex. App.—Austin 1999, order); *see Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987). Consequently, when "court-appointed counsel was permitted to withdraw, either an inquiry should have been made as to whether appellant was knowingly and voluntarily waiving his right to appointed counsel on appeal, or appellant should have been afforded appointed counsel on appeal." *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972). Once the trial court makes a determination that a defendant is indigent and entitled to appointed trial counsel, there is a presumption that the defendant will remain indigent unless shown to be otherwise. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Thus, when a trial court permits court-appointed trial counsel to withdraw, it should, at that time, appoint substitute counsel. *Massingill*, 8 S.W.3d at 737.

We abate this appeal and remand the cause to the trial court so that it may determine the following:

1. Whether Appellant desires to prosecute his appeal;
2. Whether Appellant is indigent;
3. If not indigent, whether Appellant has retained counsel for this appeal; and

4. If indigent, whether Appellant desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Appellant competently and intelligently chooses to exercise the right to represent himself.

The trial court is directed to make appropriate findings and recommendations and to appoint counsel if appropriate. The trial court clerk is directed to prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court. If a hearing is held, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. Since the time for filing a motion for new trial expires on May 7, these records are due to be filed in this court on or before May 4, 2015.

The appeal is abated.

PER CURIAM

April 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.